STATE *vs.* SYDNEY WRIGHT.

1. MALICIOUS MISCHIEF—NATURE AND ELEMENTS OF OFFENSE.

"Malicious mischief," in the absence of statutes, is a common-law offense, and is an indictable offense under the statute by which all offenses, indictable at common law and not specially provided for by statute, are deemed misdemeanors. It is any malicious or mischievous injury, either to the rights of another or to those of the public generally. It embraces all malicious physical injuries to the rights of another, and malice is an essential element of the offense.

2. CRIMINAL LAW—TRIAL—PROVINCE OF JURY IN GENERAL—WEIGHT AND SUFFICIENCY OF EVIDENCE.

The jury in a criminal case is the sole judge of the weight of evidence, and when the evidence is conflicting it should be reconciled, if that can be done; if not, so much of it as is deemed worthy of credit should be accepted as true, and any which is deemed unworthy of credit, should be rejected.

3. MALICIOUS MISCHIEF—NATURE AND ELEMENTS OF OFFENSE—"MAL-
ICE."

Malice, as an element of malicious mischief, is not restricted to ill will or
revenge against the owner or possessor of the property injured; but a willful
or wanton injury to property, under circumstances indicating a malignant
spirit or mischief, is sufficient to constitute malicious mischief, and such
malice may be either expressed or implied.

4. MALICIOUS MISCHIEF—ELEMENTS—MALICE—EVIDENCE.

Express malice, as an element of malicious mischief, may be shown by the
declarations or confessions of the accused in connection with the unlawful
act, and implied malice by the doing of a willful or wanton unlawful act.

5. MALICIOUS MISCHIEF—DEFENSES—BONA FIDE CLAIM OF RIGHT.

Where the act complained of in a prosecution for malicious mischief is
done under a *bona fide* claim of right, such claim repels the presumption of
malice and, if proved, is a good defense; but, if the accused does more damage
than is reasonably necessary for the assertion or protection of such claim of
right, he is without defense.

6. CRIMINAL LAW—EVIDENCE—WEIGHT AND SUFFICIENCY—"REASON-
ABLE DOUBT."

"Reasonable doubt" means a substantial and well-founded doubt áris-
ing from a candid and impartial consideration of the evidence, or want of evi-
dence; and such a doubt in the minds of the jury as to the guilt of the accused
entitles him to an acquittal.

(*February* 24, 1911.)

PENNEWILL, C. J., and BOYCE and CONRAD, J. J., sitting.

*W. Watson Harrington*, Deputy Attorney General, for the
state.

*Thomas C. Frame, Jr.*, for the defendant.

Court of General Sessions, Kent County, February Term,
1911.

INDICTMENT FOR MALICIOUS MISCHIEF, in breaking certain
window lights by the defendant, who was a boarder with the
prosecuting witness, the occupant of the house in which the win-
dow lights were broken.

The facts fully appear in the charge of the court.

BOYCE, J., charging the jury:

Gentlemen of the jury:—Sydney Wright, the accused, is
charged in this indictment with an offense, commonly known as
malicious mischief, which by the courts of this state, as well as by
the weight of American authority, is held, in the absence of
statute, to be a common-law offense. By a statute in this state,

all offenses, indictable at common law and not specially provided for by the statute, are deemed misdemeanors.

It is claimed and not controverted that the prosecutrix was, at the time of the alleged commission of the offense charged, tenant and occupant of a certain house in the town of Dover, this county.

The state has introduced evidence to show that the prosecuting witness, with others, was on the night of January fourth last, at about eleven o'clock, in the peaceable and lawful possession of the said house, when the accused, without legal excuse or justification, threw bricks at the house and broke out twenty-three windowpanes

The accused claims that he and his wife occupied one of the rooms in said house as undertenant, and that upon going to the house, on the night alleged, he found the doors fastened, and failing to obtain admission, he went around to the window in the room which he occupied, when a shot was fired from the window, whereupon he admits that he did throw two bricks against the wall of the house, but he denies that he willfully and maliciously broke any windowpanes, or that he broke any at all

You have heard the evidence and we shall not attempt a detailed statement of it. You are the sole judges of the weight and value of the testimony adduced before you. Where, as in this case, the testimony is conflicting, you should reconcile it if you can; if you cannot, you should accept as true so much of it as you deem worthy of credit, and reject that, if any, which you deem unworthy of credit, keeping in mind the interest or bias of the witnesses, if any, their means of information and opportunity of knowing the facts of which they have testified, their demeanor on the stand, their apparent candor or frankness or lack of it, and to what extent, if any, they are corroborated or contradicted by other testimony.

This court has defined the offense charged against the accused to be "any malicious or mischievous injury, either to the right of another, or to those of the public generally." The offense embraces, all malicious physical injuries to the rights of another which impair utility or materially diminish its value. Malice is an essential element of the offense, and it must be proved to the

satisfaction of the jury as any other material fact necessary to be proved.

As to what constitutes the element of malice in malicious mischief, this court has never restricted it to ill will or revenge against the owner or possessor of the property alleged to have been injured or destroyed. On the contrary it has been held that willful or wanton injury to or destruction of property, committed under such circumstances as to indicate a malignant spirit or mischief is sufficient to constitute malicious mischief. *State v. McAllister*, 7 *Penn.* 301, 76 *Atl.* 226.

Malice may be either express or implied. Express malice may be shown by the declarations or confessions of the accused in connection with the unlawful act. Malice may be implied or inferred from doing a willful or wanton unlawful act.

It is a rule of law that when the act complained of in a prosecution for malicious mischief is done under a *bona fide* claim of right, such a claim repels the presumption of malice, and when well founded, it is a good defense. But if the accused does more damage than is reasonably necessary for the assertion or protection of such a claim of right, he is left without defense the same as if he had committed the act unlawfully, willfully and wantonly without any claim of right. 19 *Amer. & Eng. Ency. of Law* (2d Ed.) 644.

If you find from the evidence that the accused did throw bricks and break out the windowpanes as complained against him, then, in determining whether the injury was done willfully and maliciously, or whether it was done under such circumstances as to negative malice, you should consider all the facts and circumstances disclosed to you by the evidence.

If after considering all the evidence, you should entertain a reasonable doubt as to the guilt of the accused, such a doubt would inure to the benefit of the accused, and it would entitle him to an acquittal.

A reasonable doubt means a substantial, well-founded doubt, arising from a candid and impartial consideration of all the evidence, or want of evidence.

If you are satisfied from the evidence beyond a reasonable

doubt, such as we have defined, that the accused did willfully and maliciously break the windowpanes, as alleged, your verdict should be guilty; otherwise your verdict should be not guilty.

Verdict, guilty with recommendation to mercy.