Charles N. McKINNEY,
Plaintiff-Appellant,

v.

EDUCATOR & EXECUTIVE INSURERS,
INC., Defendant-Appellee and
Third-Party Plaintiff,

v.

Johnny A. CLOUSE, Jr., Third-Party
Defendant-Appellee.

Court of Appeals of Tennessee,
Middle Section.

Aug. 26, 1977.

Certiorari Denied by Supreme Court
April 24, 1978.

Bart C. Durham, III, Nashville, Tenn., for plaintiff-appellant.

Thomas M. Donnell, Jr., Stewart, Estes & Donnell, Nashville, Tenn., for third-party plaintiff, Educator & Executive Insurers, Inc.

Grant W. Smith, Nashville, Tenn., for third-party defendant-appellee, Johnny A. Clouse, Jr.

OPINION

SHRIVER, Presiding Judge.

This is a suit on an insurance policy, the original complaint being as follows:

## "COMPLAINT

The plaintiff, Charles H. McKinney, would respectfully show unto the Court:

1. He is a resident of the State of Tennessee and the owner of a 1966 Jacquar XKE. Said automobile was insured with the defendant Insurance Company under a policy called a Family Combination Automobile Policy. A copy of this policy is attached to this complaint as Exhibit 'A'.

2. The plaintiff wished to sell the automobile and the automobile was inspected by Mr. Johnny Clouse, Jr. Mr. Clouse desired to test drive the automobile to see whether or not he liked it. Without the consent or knowledge of the plaintiff, Mr. Clouse engaged in drag racing the car in August, 1975 and did serious damage to the engine in the amount of $1,966.69.

3. This action of Mr. Clouse was an act of either theft or malicious mischief which under the policy entitles the plaintiff to be paid for said damage. The plaintiff has made demand upon the defendant Insurance Company for payment, but payment has been refused.

WHEREFORE, the plaintiff demands for the defendant the sum of $1,966.69, plus costs. The plaintiff also prays for general relief.

Respectfully submitted
,/s/ Bart Durham
Moon and Durham
Attorneys for Plaintiff"

The answer of the defendant Insurance Company, inter alia, denies that third-party defendant, Johnny A. Clouse, Jr., drove the vehicle without the consent or knowledge of plaintiff and avers that any damages incurred by plaintiff are confined to wear and tear, mechanical or electrical breakdown or failure and, thus, not covered by the policy.

It is further averred in the answer that any damage incurred by the plaintiff resulted when the vehicle was being driven with the knowledge, permission and consent, either expressed or implied, of the plaintiff and, thus, was not the result of theft or malicious mischief, and defendant denies liability to plaintiff for any amount under the policy.

Defendant, Educator and Executive Insurers, Inc., filed a Third-Party Complaint against defendant, Johnny A. Clouse, Jr., seeking a judgment over against Clouse for any damages which might be awarded in favor of plaintiff McKinney against the defendant Insurance Company.

The answer of third-party defendant, Johnny A. Clouse, Jr., denies that he took or used the automobile belonging to plaintiff McKinney without plaintiff's knowledge, permission or consent, and denies that he engaged in an act of drag racing or any other abusive use of the automobile in question. Third-party defendant avers that any damage to the automobile in question was the result of normal wear and tear on said vehicle or the result of improper and inadequate maintenance thereof, and he denies that he is in any way responsible for any damage to the said automobile.

The case came on to be heard before Chancellor C. Allen High, sitting as Judge of the Second Circuit Court of Davidson County, Tennessee, by interchange, and on October 3, 1976, he filed his Memorandum Opinion which is as follows:

## "MEMORANDUM

This cause came on to be heard on October 4, 1976, upon the pleadings, evidence adduced by the respective parties, exhibits, and argument of counsel. The Court then announced its findings of fact:

On August 7, 1975, third-party defendant, Johnny A. Clouse, Jr., was driving plaintiff's automobile with permission to 'try it out' with the idea of a possible purchase. While Clouse was in possession of the vehicle for this purpose, he engaged in a drag race and drove at an excessive rate of speed causing damage to the engine.

The Court took the matter under advisement for the parties to submit briefs on the question:

Did the acts of Clouse constitute a 'malicious mischief' which would entitle plaintiff to recover under his policy of insurance with defendant?

After full consideration of the entire matter, the Court feels that a correct statement of the law was set forth in the opinion of *Imperial Casualty v. Terry*, 451 S.W.2d 303 (Court of Civil App. of Texas, 1970):

'. . . Regardless of how careless, negligent or illegal an act might be, it is not malicious mischief absent evidence that the act was motivated by malice toward the property or its owner, i. e., by fixed intent to cause injury to specific property.'

Applying the above rule to this action, the plaintiff failed to carry the burden of establishing malicious mischief.

Mr. Donnell should prepare an order in accordance with this Memorandum dismissing plaintiff's suit.

/s/ C. Allen High

CIRCUIT JUDGE BY INTERCHANGE"

Thereafter, he entered a decree reciting that the cause came on to be heard upon the pleadings, the evidence introduced by the respective parties, exhibits and arguments of counsel, from all of which he found that plaintiff's automobile was damaged in the amount of $1,353.00. The decree further recites:

"The Court found the third-party defendant was using plaintiff's vehicle with the permission of the plaintiff as a prospective purchaser and therefore the unauthorized racing by the plaintiff was not a theft of the vehicle.

Hence, the plaintiff's action against the Insurance Company was dismissed as to all issues except whether or not the acts of Johnny A. Clouse, Jr., constituted a malicious mischief, which was taken under advisement. The decree proceeds:

"Subsequent thereto briefs were filed by the respective parties with regards to the issue of malicious mischief, after which the Court found that the plaintiff had failed to carry his burden of proof in proving malicious mischief and thus found the issues joined in favor of the defendant, Educator and Executive Insurers, Inc.

IT IS THEREFORE ORDERED, ADJUDGED and DECREED that the plaintiff, Charles N. McKinney's action against the defendant, Educator and Executive Insurers, Inc., should be and is hereby dismissed and accordingly the third-party action against Johnny A. Clouse, Jr., is dismissed."

An appeal was granted and perfected to this Court.

After the entry of the final judgment, the attorney for plaintiff filed a motion to amend the pleadings to conform to the evidence and to add Johnny A. Clouse, Jr., as a defendant and adopting all of the allegations in the original complaint moved to amend the prayer for a judgment against defendant Clouse in the sum of $1,353.00.

There was a motion filed by the third-party plaintiff Insurance Company for a new trial against the third-party defendant Clouse, stating that same was filed in order to protect third-party plaintiff in the event the original plaintiff should be granted a new trial and a judgment against the Insurance Company.

These motions were overruled.

-Assignments of Error-

There are two assignments, as follows:

"a) The Court erred in holding that the damage caused by drag racing was not covered under plaintiff's 'comprehensive' portion of his policy.

b) The Court erred in not allowing plaintiff to amend to conform his pleadings to the evidence to have judgment against the third-party defendant."

-Our Conclusions-

This case is before us on appeal on the technical record alone, no bill of exceptions having been preserved or filed.

■ We have the motion of the appellees to dismiss the appeal on the ground that no bill of exceptions has been filed; however, appellant is entitled to rely on the technical record to sustain his assignments of error. Therefore, the motion to dismiss because of the absence of a bill of exceptions is overruled.

■ Of course, the case comes to us for a hearing de novo under T.C.A., § 27–303, with a presumption of correctness and, inso-

**832**

far as the conclusions of fact are concerned, the Trial Judge must be affirmed unless the evidence preponderates against his judgment.

As has been held in numerous cases in Tennessee, where assignments go to the evidence there must be a bill of exceptions, in the absence of which there is a conclusive presumption that there was sufficient evidence before the Trial Judge to support his judgment and, therefore, his judgment must be affirmed. See *Norris v. Richards*, 45 Tenn.App. 100, 320 S.W.2d 730 (1959), and numerous cases.

In the case at bar it is to be observed that the Trial Judge found and decreed that the third-party defendant, Johnny A. Clouse, Jr., was driving plaintiff's automobile with permission to try it out, with the idea of a possible purchase, and that, therefore, the unauthorized racing by the plaintiff was not a theft of the vehicle.

Counsel for appellant in his brief and argument relies on Coverage D—Comprehensive (excluding Collision), which provision is as follows:

"*Coverage D—Comprehensive (excluding Collision)*:

1) To pay for loss other than by collision to the owned automobile or to a non-owned automobile. For the purpose of this coverage, breakage of glass and loss caused by missiles, falling objects, fire, theft or larceny, explosion, earthquake, windstorm, hail, water, flood, malicious mischief or vandalism, riot or civil commotion, or colliding with a bird or animal, shall not be deemed to be loss caused by collision."

In addition to the foregoing provision relied on by the appellant as affording coverage for the alleged damage to his automobile, we find in "Part III–Physical Damage," the following provisions:

"*Exclusions*: This policy does not apply under Part III:

(e) to damage which is due and confined to wear and tear, freezing, mechanical or electrical breakdown or failure, unless such damage results from a theft covered by this policy.

It is argued by counsel for appellant that he should recover under Coverage D-Comprehensive because drag racing would be a loss other than by collision.

Appellant also insists that he should recover on the ground of malicious mischief.

In the first place, the Chancellor did not find under the facts the existence of malice or malicious mischief and this is perhaps conclusive of the question since we do not have the evidence before us upon which the Chancellor reached his conclusion. However, appellant argues that while he has found no Tennessee case directly in point, some cases in other jurisdictions are said to support his position in this regard, citing *State v. Wright*, 2 Boyce 393, 25 Del. 393, 79 A. 399, 400 (Del.Supr.1911), where it was said that willful or wanton injury to or destruction of property, committed under such circumstances as to indicate a malignant spirit or mischief is sufficient to constitute malicious mischief.

In *Ducote v. U.S.F.&G. Co.*, 241 La. 677, 130 So.2d 649 (1961), an employee took his employer's truck without permission and while driving the truck in an intoxicated and reckless manner, struck another vehicle doing damage to the truck. Recovery was sought under the comprehensive liability policy. In said case the Court stated that the word "malicious" is characterized by or involves malice; the word "malice" in common speech means ill-will or a purpose to harm, and in that case the Court concluded:

"We are unable to ascribe to the reckless operation of the vehicle by the intoxicated employee the elements necessary to constitute malicious mischief within the meaning and terms of the contract of insurance; . . ."

Again, in *Imperial Casualty Co. v. Terry*, 451 S.W.2d 303 (Tex.Ct. of App.1970), cited and quoted from in the Memorandum of the Trial Judge, supra, the Court stated, in essence, that the term "malicious mischief" as used in the comprehensive coverage provisions of the automobile policy means a wanton, intentional act committed with a fixed purpose to damage or destroy the property.

We are unable to find any substantial support for the position of plaintiff in his contention that he should recover on the basis of malicious mischief.

He further insists that he should recover on the basis of theft.

This insistence must be denied for several reasons. The Trial Judge found as a fact

that Clouse was driving the vehicle with the permission of the owner, and, therefore, it was not a theft. (2) In his original complaint, plaintiff states that Clouse was driving the car as a prospective purchaser when the damage occurred.

In addition to all this, Part III of the policy, "Exclusions (e)" quoted hereinabove provides that mechanical breakdown or failure is not covered unless such damage results from theft.

The damage complained of was mechanical breakdown or failure and did not result from theft of the automobile.

Finally, it is insisted under the second assignment that the Court erred in not allowing plaintiff to amend after judgment to conform his pleadings to the evidence and to have a judgment against the third party defendant.

Under Rule 15.01, Tennessee Rules of Civil Procedure, we find the following provision:

"A party may amend his pleadings once as a matter of course at any time before a responsive pleading is served . . . Otherwise a party may amend his pleadings only by written consent of the adverse party or by leave of court . . ."

The record does not show that appellant obtained the written consent of the adverse party and, as to the Court's ruling we regard it as essentially discretionary. It was said in *Womble v. Walker*, 216 Tenn. 27, 390 S.W.2d 208 (1965), a Trial Court's discretionary ruling on amendments to pleadings will not be disturbed on appeal unless there is a showing of a clear abuse of discretion.

We find no abuse of discretion on the part of the Trial Judge in refusing the amendment as prayed; hence, this assignment is overruled.

All assignments having been overruled, it results that the judgment of the Trial Court is affirmed.

AFFIRMED.

TODD, J. and GILLIAM, Special Judge, concur.