IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
MAY 2000 SESSION

## VICKI DIANNE TUTTLE v. ROBERT EDWARD TUTTLE

**A Direct Appeal from the Circuit Court for Coffee County**
**No. 1883D     The Honorable L. Craig Johnson, Judge**

———————————

### No. M1999-01578-COA-R3-CV - Filed July 28, 2000

———————————

In a previous appeal, this divorce case was remanded to the trial court for a determination of whether the parties had any marital property and, if so, for the trial court to make an equitable division thereof. From the trial court's final decree in compliance with the order of remand, defendant appeals.

**Tenn. R. App. P. 3, Appeal as of Right; Judgment of the Circuit Court Affirmed.**

CRAWFORD, P.J., W.S., delivered the opinion of the court, in which HIGHERS, J., and FARMER, J., joined.

Robert E. Tuttle, Pro Se

No appearance by appellee.

### MEMORANDUM OPINION[1]

This divorce case is before this Court for the second time. In **Tuttle v. Tuttle**, No. 01A01-9512-CV-00546 (Tenn. App., Oct. 10, 1997, as modified Jan. 30, 1998), this Court affirmed the trial court's decree granting a divorce to plaintiff, Vicki Dianne Tuttle (Wife), from defendant, Robert E. Tuttle (Husband). The trial court did not deal with the issue of division of marital property, although defendant's answer and counter-claim asserted that he was entitled to certain property as

———————————

[1]Rule 10 (Court of Appeals). <u>Memorandum Opinion</u>. -- (b) The Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION," shall not be published, and shall not be cited or relied on for any reason in a subsequent unrelated case.

his separate property and also was entitled to a division of marital property. This Court remanded the case to the trial court for a determination of whether there is any marital property and, if so, to value the property and equitably divide same.

On October 8, 1999, the trial court conducted an evidentiary hearing, and on October 12, 1999 entered a "Supplemental Final Decree" which, after detailing the multitude of pleadings filed after remand, provides:

> On the 8th day of October, 1999, this cause came on to be further heard upon the aforementioned pleadings, testimony of the Plaintiff and her daughter in open Court, statements and arguments of counsel, from all of which the Court finds as follows:
>
> 1. That all of the Plaintiff's personal property was accumulated prior to the marriage and, therefore, constitutes her separate property including but not limited to the following: household furniture, Chevrolet Blazer subject to the indebtedness thereon, and Wal-mart Profit Sharing Plan. Since this property is the separate property of Plaintiff and the Defendant did nothing to enhance the value of same, the property is not subject to division pursuant to T.C.A. § 36-4-121.
>
> 2. That the separate property of the Defendant was delivered to him including a word processor, 13" color TV, stereo, various tapes and CDs, watch, ring, and gold necklace.
>
> 3. That certain items including a 1947 Knucklehead Harley Davidson, Craftsman tools, and the 1978 Ford Mercury Monarch either never existed or were never in the possession of Plaintiff.
>
> 4. That the Plaintiff is responsible for the medical expenses incurred in her name and there appears to be no marital debts to be apportioned.
>
> 5. That counsel for Plaintiff has fulfilled his obligations concerning this cause and is henceforth relieved of all responsibility for the representation of Plaintiff.
>
> IT IS, THEREFORE, ORDERED, ADJUDGED AND DECREED as follows:
>
> 1. That all property including the household furniture, Chevrolet

Blazer, and Wal-mart Profit Sharing Plan is the separate property of the Plaintiff and is not subject to division pursuant to TCA § 36-4-121;

2. That the separate property of the Defendant including a word processor, TV, stereo, and various tapes and CDs, a watch, ring, and gold necklace are his separate property and have already been delivered to him.

3. That the other items alleged to have been in the possession of the Plaintiff either do not exist or were never in her possession, but if the Defendant can find said items, they are awarded to him.

4. That the Plaintiff is hereby ordered to be responsible for the medical bills incurred on her behalf.

5. That A. Burton English, attorney for Plaintiff, is relieved of any further responsibility for representation of the Plaintiff in this cause.

6. That the costs of this cause be adjudged against the Defendant for which execution may issue after application of Plaintiff's deposit on said costs.

Husband appeals and presents two issues for review which, as stated in his brief, are:

1. Whether the property settlement awarded by the trial court was both legal and equitable?

2. Whether the trial court giving plaintiff full control and possession of defendant's property is violating defendants rights under the equal protection of the law and due process?

The first issue for review is fact-based. The record contains neither a transcript of the evidence or a statement of the evidence, as provided for in T.R.A.P. 24. In *Coakley v. Daniel*, 840 S.W.2d 367 (Tenn. Ct. App. 1992), this Court, faced with a fact-based issue in the absence of a transcript or statement of the evidence, said:

This issue is fact-based. Where the issues raised go to the evidence, there must be a transcript. In the absence of a transcript of the evidence, there is a conclusive presumption that there was sufficient evidence before the trial court to support its judgment, and

-3-

> this Court must therefore affirm the judgment. ***McKinney v. Educator and Executive Insurers, Inc.***, 569 S.W.2d 829, 832 (Tenn. Ct App. 1977). This rule likewise applies where there is a statement of the evidence which is incomplete. The burden is upon the appellant to show that the evidence preponderates against the judgment of the trial court. ***Capital City Bank v. Baker***, 59 Tenn. App. 477, 493, 442 S.W.2d 259, 266 (1969). The burden is likewise on the appellant to provide the Court with a transcript of the evidence or a statement of the evidence from which this Court can determine if the evidence does preponderate for or against the findings of the trial court. The appellant has failed to carry this burden. This issue is without merit.

***Id.*** at 370.

Although parties who choose to represent themselves are entitled to fair and equal treatment, they are not excused from complying with applicable, substantive, and procedural law, and they must follow the same substantive and procedural law as the represented party. ***Paehler v. Union Planters Nat. Bank, Inc.***, 971 S.W.2d 393, 396 (Tenn. Ct. App. 1997); ***Irvin v. City of Clarksville***, 767 S.W.2d 649, 652 (Tenn. Ct. App. 1988).

Husband's first issue is without merit.

As to Husband's second issue, we find nothing in the final decree awarding Wife possession of Husband's property. The trial court made a specific finding of fact that the majority of the property was Wife's separate property. The trial court further found that the various described articles of personal property constituting Husband's separate property had already been delivered to Husband. Finally, the court found "that the other items alleged to have been in the possession of the Plaintiff either do not exist or were never in her possession, but if the Defendant can find said items, they are awarded to him." We do not construe this language to be an award to plaintiff of defendant's personal property. As we noted in considering Husband's first issue, in the absence of a transcript or statement of the evidence, we must conclusively presume that there was sufficient evidence before the trial court to support the trial court's findings. ***See Leek v. Powell***, 884 S.W.2d 118 (Tenn. Ct. App. 1994).

Husband's second issue is without merit.

Accordingly, the final decree of the trial court is affirmed, and this case is remanded to the trial court for such further proceedings that may be necessary. Costs of appeal are assessed against

the appellant, Robert Edward Tuttle, for which execution may issue, if necessary.

-4-

_____
W. FRANK CRAWFORD, PRESIDING
JUDGE, W.S.