IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
On-Briefs February 7, 2002

## JERRY HUDDLESTON v. RAMSDSALE O'DENEAL

**A Direct Appeal from the Circuit Court for Madison County**
**No. C00-162      The Honorable Roy B. Morgan, Judge**

---

**No. W2001-02064-COA-R3-CV - Filed March 19, 2002**

---

Plaintiff sued defendant for legal malpractice seeking compensatory and punitive damages. The Circuit Court of Madison County, Tennessee found defendant liable to the plaintiff for compensatory damages in the amount of $100.00, but dismissed plaintiff's claim for punitive damages. Plaintiff has appealed. We affirm.

**Tenn. R. App. P. 3; Appeal as of Right; Judgment of the Circuit Court Affirmed**

W. FRANK CRAWFORD, P.J., W.S., delivered the opinion of the court, in which ALAN E. HIGHERS, J. and DAVID R. FARMER, J., joined.

Jerry Huddleston, Pro Se

Ramsdale O'Deneal, Pro Se

### OPINION

On May 16, 2000, plaintiff, Jerry Huddleston, filed a complaint for legal malpractice in the Circuit Court of Madison County, Tennessee against the defendant, Ramsdale O'Deneal, a licensed attorney practicing in the State of Tennessee. The complaint alleges that the plaintiff paid the defendant $100.00 to file a lawsuit on behalf of the plaintiff against a police officer for damages suffered on June 11, 1997, when the officer, in the performance of his official duties, injured the plaintiff with his police vehicle. The complaint further alleges that on June 11, 1998, defendant filed a lawsuit on behalf of plaintiff against the police officer in the General Sessions Court of Gibson County, Tennessee.

According to the complaint, on June 27, 1998, the police officer filed a motion to dismiss arguing that the action against him is governed by the Tennessee Governmental Tort Liability Act, Tenn. Code Ann. § 29-20-101 (2000), et seq., which provides that no claim may be brought against the police officer and that original exclusive jurisdiction is in the Circuit Court of Gibson County, Tennessee, not the General Sessions Court. The complaint avers that on July 22, 1998, the defendant

voluntarily dismissed the general sessions suit and subsequently advised the plaintiff that he had until July 22, 1999 to bring his cause of action. The complaint further avers that the plaintiff re-filed his action pro-se in the Circuit Court of Gibson County on or about July 22, 1999, but "due to confusion on the parts of the Clerks of the General Sessions and Circuit Courts, the Complaint was not [actually] filed until November 14, 1999. . . ." According to the complaint, the Circuit Court of Gibson County, Tennessee dismissed the plaintiff's claim upon the filing of a motion for summary judgment by the defendants in the personal injury action because the plaintiff's claim was time-barred pursuant to the applicable statute of limitations, Tenn. Code Ann. § 29-20-305(b) (2000).

The plaintiff alleges in the complaint that the "Defendant was under a duty to provide competent legal service and advice to Plaintiff after accepting monetary consideration from Plaintiff for representation of Plaintiff . . . . [and] [t]he deliberate actions and negligent actions were so grossly deficient that Plaintiff's action(s) was dismissed before any determination of the merits of the claim was made. . . ." The complaint seeks $100 in compensatory damages and $5,000 in punitive damages, as well as other general relief.

On March 28, 2001, a non-jury trial was held and apparently it was stated from the bench that judgment would be entered for the plaintiff in the amount of $100.00 in compensatory damages and plaintiff's claim for punitive damages would be dismissed. The ruling was memorialized by an order entered April 11, 2001. On April 5, 2001, after the trial, the Plaintiff filed a "Motion to Amend TRCP Rule 38, Motion for a Trial by Jury" asking the trial court to grant him a jury trial. Furthermore, on May 22, 2001, the plaintiff filed a "Motion for Speedy Ruling or Permission to Appeal" asking the trial court to provide a speedy ruling on the pending motions filed before the court or grant the plaintiff permission to appeal. By order entered and filed on May 24, 2001, the trial court denied both of the plaintiff's motions because they were filed after the non-jury trial and therefore, not timely filed. Plaintiff has appealed and presents the following issue for review as stated in his brief:

> Whether the trial court erred in denying appellant a jury trial to determine the extent of liability of appellee and award monetary damage commensurate with harm done.

The defendant phrases the issue for review as:

> Whether the trial court properly denied Appellant's claim for punitive damages and Motion for a new trial by jury.

In plaintiff's issue he asserts that he is entitled to a jury trial after he received a bench trial. We hold that he is not so entitled. Rule 38.02 of the Tennessee Rules of Civil Procedure provides:

> Any party may demand a trial by jury of any issue triable of right by jury by demanding the same in any pleading specified in Rule 7.01 or by endorsing the demand upon such pleading when it is

filed, or by written demand filed with the clerk, with notice to all parties, within 15 days after the service of the last pleading raising an issue of fact.

Tenn. R. Civ. P. 38.02. Furthermore, Rule 38.05 of the same rules provides:

The failure of a party to make demand as required by this rule constitutes a waiver by the party of trial by jury. . . .

Tenn. R. Civ. P. 38.05.

Therefore, because the plaintiff waited until after the bench trial to demand a jury, the plaintiff has waived his right to a jury trial.

Although somewhat unusual, defendant appears to raise an issue concerning the failure to award punitive damages. This issue for review is fact-based. The record contains neither a transcript of the evidence or a statement of the evidence, as provided for in Tenn. R. App. P. 24. In *Coakley v. Daniel*, 840 S.W.2d 367 (Tenn. Ct. App. 1992), this Court, faced with a fact-based issue in the absence of a transcript or statement of the evidence, said:

This issue is fact-based. Where the issues raised go to the evidence, there must be a transcript. In the absence of a transcript of the evidence, there is a conclusive presumption that there was sufficient evidence before the trial court to support its judgment, and this Court must therefore affirm the judgment. *McKinney v. Educator and Executive Insurers, Inc.*, 569 S.W.2d 829, 832 (Tenn. Ct. App. 1977). This rule likewise applies where there is a statement of the evidence which is incomplete. The burden is upon the appellant to show that the evidence preponderates against the judgment of the trial court. *Capital City Bank v. Baker*, 59 Tenn. App. 477, 493, 442 S.W.2d 259, 266 (1969). The burden is likewise on the appellant to provide the Court with a transcript of the evidence or a statement of the evidence from which this Court can determine if the evidence does preponderate for or against the findings of the trial court. The appellant has failed to carry this burden. This issue is without merit.

*Id.* at 370; *see also Tuttle v. Tuttle*, No. M1999-01578-COA-R3-CV, 2000 WL 1038114, at \*\*2 (Tenn. Ct. App. 2000).

Since there is no transcript or statement of the evidence in the record we conclusively presume that there was sufficient evidence before the trial court to support its judgment.

Accordingly, the order of the trial court is affirmed, and the case is remanded for such further proceedings as may be necessary. Costs of the appeal are assessed against the appellant, Jerry Huddleston, and his surety.

_____
W. FRANK CRAWFORD, PRESIDING JUDGE, W.S.