# IN THE COURT OF APPEALS OF TENNESSEE
## AT KNOXVILLE
March 9, 2011 Session

## ANGELA L. (LYLES) MELTON  v.  JACKIE B. MELTON

**Appeal from the General Sessions Court for Roane County**
**No. 9656A      Dennis W. Humphrey, Judge**

**No. E2010-01302-COA-R3-CV-FILED-JULY 8, 2011**

In this divorce case, the husband challenges the trial court's distribution of the marital property, valuation of the marital residence, and award of alimony to the wife. Without a transcript or statement of the evidence, this court cannot adequately review the issues raised by the husband. Finding that the trial court did not err as a matter of law, we affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the General Sessions Court Affirmed; Case Remanded**

JOHN W. MCCLARTY, J., delivered the opinion of the Court, in which CHARLES D. SUSANO, JR., J., and D. MICHAEL SWINEY, J., joined.

Danny C. Garland, II, Knoxville, Tennessee, for the appellant, Jackie B. Melton.

Henry Forrester, Clinton, Tennessee, for the appellee, Angela L. (Lyles) Melton.

## MEMORANDUM OPINION[1]

Jackie B. Melton ("Husband") and Angela L. Melton ("Wife") were married for approximately 42 years. Wife filed a Complaint for Divorce alleging irreconcilable differences and inappropriate marital conduct. In the Complaint, Wife asked the trial court to equitably divide the parties' debts and assets, and she attached an Affidavit of Indigency

---

[1]This opinion is issued pursuant to Rule 10 of the Rules of the Court of Appeals of Tennessee, which provides the following:

This Court, with the concurrence of all judges participating in the case, may affirm, reverse, or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION," shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

to the Complaint. Because Wife feared that Husband would respond violently to her decision to file for divorce, she obtained an ex parte order of protection. Husband filed an Answer and countered with his own complaint for divorce, in which he also alleged irreconcilable differences and inappropriate marital conduct.

A trial occurred on April 8, 2010. As the trial court noted in its final order, Wife testified during the proceedings to episodes of physical abuse that she had suffered at Husband's hands during the marriage. The trial court further related that Wife presented the deposition testimony of Dr. Marty G. Wallace, M.D., who treated her for several cerebral aneurysms and for injuries sustained after Husband assaulted her in a Walmart parking lot in August 2009. In his deposition, Dr. Wallace testified that he diagnosed Wife with Post-Traumatic Stress Disorder due to Husband's abuse.

After hearing the evidence, the trial court found Husband's testimony to be at times "evasive" and "untruthful." The trial court also determined that Husband destroyed the marital residence by starting a fire and noted examples of Husband's abusive and controlling behavior. Based upon its findings, the trial court awarded a divorce to Wife on the grounds of inappropriate marital conduct. In dividing the marital property, the trial court awarded to Wife: (1) the entire proceeds from the homeowners insurance policy paid as a result of Husband destroying the marital home; (2) 1978 Summerset Houseboat; (3) 1982 Honda Gold Wing Motorcycle; (4) $7,000 from Husband's retirement fund; (5) Pontiac Gran Prix; (6) the remaining property at the marital residence; and (7) 60 percent interest in Husband's retirement accounts. The trial court also awarded "the real property on which the marital residence had been situated in the form of alimony in solido" to Wife. The trial court awarded to Husband, the following:

> . . .[T]hose items personal to a man which he possesses, $1,000 or so of the money withdrawn from a retirement or pension account, the dump truck and the tractor located on the property where the home once stood, the automobile which he has in his possession, and 40% of his retirement account and/or pension. . . .

The Final Divorce Decree was entered on June 3, 2010. Husband filed a timely notice of appeal.

On appeal, we review the decision of a trial court sitting without a jury de novo upon the record, accompanied by a presumption of correctness of the trial court's findings of fact, unless the preponderance of the evidence is otherwise. Tenn. R. App. P. 13(d); *Bogan v. Bogan*, 60 S.W.3d 721, 727 (Tenn. 2001). A trial court's conclusions of law are subject to a de novo review with no presumption of correctness. *Union Carbide Corp. v. Huddleston*,

854 S.W.2d 87, 91 (Tenn. 1993).

Husband argues that the trial court failed to equitably divide the marital property, and that the trial court awarded 98 percent of the parties' joint assets to Wife. He claims that the trial court attempted to compensate Wife for his destructive behavior rather than equitably divide the marital property. Husband further argues that the trial court erred in its valuation of the marital residence and solely relied on Wife's testimony regarding the marital residence's value. Finally, Husband contends that awarding such a large amount of alimony per month to Wife was unsupported by the evidence.

The record before us does not contain a transcript or statement of the evidence of the proceedings in the trial court, at which both parties testified. *See* Tenn. R. App. P. 24(b) and (c). An appellant's failure to file a transcript or statement of the evidence of the proceedings in the lower court frustrates this court's review of the trial court's factual findings. An appellant must prepare a record that "conveys a fair, accurate and complete account of what transpired in the trial court with respect to the issues which form the basis of the appeal." *Nickas v. Capadalis*, 954 S.W.2d 735, 742 (Tenn. Ct. App. 1997) (quoting *State v. Boling*, 840 S.W.2d 944, 951 (Tenn. Crim. App. 1992)). Without a proper record, the appellate courts must affirm the trial court's decision and assume that "there was sufficient evidence before the trial court to support its judgment." *Outdoor Mgmt., LLC v. Thomas*, 249 S.W.3d 368, 377 (Tenn. Ct. App. 2007) (citing *McKinney v. Educator & Exec. Insurers, Inc.*, 569 S.W.2d 829, 832 (Tenn. Ct. App. 1977)). Thus, we only reverse the trial court's decision if we find based on the "technical" record that there is an error of law. *In re M.R.*, No. M2007-02532-COA-R3-JV, 2008 WL 2331030, at *3 (Tenn. Ct. App. M.S., June 3, 2008).

After reviewing the technical record, it does not appear that the trial court erred as a matter of law in distributing the marital property, valuing the marital residence, or awarding alimony. Without a transcript or statement of the evidence, we cannot view the evidence and determine whether Husband is correct when he asserts the evidence preponderates against the trial court's judgment.

The judgment of the trial court is affirmed. Costs on appeal are taxed to the appellant, Jackie B. Melton. This case is remanded to the trial court, pursuant to applicable law, for enforcement of the trial court's judgment and for the collection of costs.

_____
JOHN W. McCLARTY, JUDGE

-3-