IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
November 9, 2017 Session

**IN RE AUDREY T.**

**Appeal from the Chancery Court for Putnam County**
**No. 2009-395          Ronald Thurman, Chancellor**

_____

**No. M2016-02443-COA-R3-JV**
_____

In this post-divorce proceeding, Father appeals the reduction of his parenting time. Because he has failed to include a transcript or statement of the evidence in accordance with Rule 24 of the Tennessee Rules of Appellate Procedure, we presume that the evidentiary record supports the trial Court's decision. Accordingly, we affirm the judgment.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court Affirmed**

RICHARD H. DINKINS, J., delivered the opinion of the court, in which ANDY D. BENNETT and W. NEAL MCBRAYER, JJ., joined.

Bo C. Murphy, Cookeville, Tennessee, for the appellant, Troy Taubert

Michael Savage, Livingston, Tennessee, for the appellee, Mary Durham

**MEMORANDUM OPINION**[1]

---

[1] Rule 10 of the Rules of the Court of Appeals states:

> This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION," shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

## I. FACTUAL AND PROCEDURAL HISTORY

Mary Durham ("Mother") and Troy Taubert ("Father") are the parents of Audrey, born in December 2007. Mother and Father were declared divorced on May 6, 2011; the parenting plan incorporated in the decree named Mother as primary residential parent; ordered her to pay $97 per month in child support; granted Father 137 days of parenting time per year, to be exercised from Friday at 5 p.m. to Sunday at 5 p.m. every other week and from Monday at 5 p.m. to Wednesday at 5 p.m. on the alternate weeks; and ordered Father to pay for daycare.

Over the next several years, the parties litigated issues relating to child support and parenting time. At some point, the Child Support Enforcement Unit of the Tennessee Department of Human Services became involved and filed on Mother's behalf a petition for modification of Father's child support obligation due to "a significant variance" in his income and sought a judgment for any retroactive child support arrearages resulting from the modification. A temporary agreed order was entered on December 8, 2014, requiring Father to pay $295 per month in support for Audrey. A hearing on the child support matter was continued numerous times, and in the interim Mother filed the petition to modify and for contempt at issue in this case.

Mother's petition to modify alleged that various of Father's actions while exercising his parenting time constituted a substantial and material change of circumstances warranting a reduction in his parenting time; Mother attached a proposed parenting plan that reduced Father's parenting time to 66 days per year, to be exercised every other weekend. With respect to Father's contempt, the petition alleged that Father had not paid his share of Audrey's medical and dental bills, refused to facilitate phone calls between Audrey and Mother, and unilaterally changed the place of exchange. Father responded, denying the allegations of Mother's petition and seeking an increase in his parenting time and to have Mother held in civil contempt.

Mediation was not successful, and a hearing was held on March 21 and April 11, 2016. The court entered an order on October 28 in which it: found Father guilty of three counts of contempt; awarded Mother judgments in the amounts of $184.70 for Father's portion of medical and dental expenses and $11,003 for daycare expenses; modified Father's child support obligation and awarded Mother a judgment against Father in the amount of $9,599 for arrearages; and ordered Father to pay all childcare/daycare expenses. Finding a substantial and material change in circumstances had occurred, the court reduced Father's parenting time to 68 days per year.

Father appealed. While the appeal was pending, the parties (Father, Mother, and the Department of Human Services) filed a joint motion requesting a remand for the purpose of considering a settlement vacating and dismissing the finding of contempt and vacating the child support judgments for a new trial but leaving the appeal of the

modification of the parenting plan pending in this Court. The motion was granted on June 27, 2017, staying all proceedings on appeal. On remand, the trial court dismissed the finding of contempt and vacated the child support judgments upon a finding that the record contained insufficient evidence to support them. The parties subsequently filed a Joint Motion for Partial Dismissal in this Court, and by order entered August 1, 2017, we granted the motion and dismissed the appeal "as to the finding of contempt and the child support judgments" and ordered that the appeal "shall proceed as to the modification of the parenting plan." As a result, the Department of Human Services has notified this Court that it is no longer participating in this appeal.

## II. ANALYSIS

When a court is considering a petition to modify a residential parenting schedule, it must first determine whether a material change of circumstance has occurred. Tenn. Code Ann. § 36-6-101(a)(1)(C). If such a change is established, the court proceeds to determine whether modification of the schedule is in the best interest of the child, utilizing the factors at Tennessee Code Annotated section 36-6-106(a) and, where applicable, section 36-6-406. As stated by the Tennessee Supreme Court:

> A trial court's determinations of whether a material change in circumstances has occurred and whether modification of a parenting plan serves a child's best interests are factual questions. Thus, appellate courts must presume that a trial court's factual findings on these matters are correct and not overturn them, unless the evidence preponderates against the trial court's findings.

*Armbrister v. Armbrister*, 414 S.W.3d 685, 692–93 (Tenn. 2013) (internal citations omitted).

The portions of the order pertinent to the modification state:

> 8. That the Court finds that the Petition to Modify Parenting Time should be granted, due to there being a substantial and material change in circumstances since the prior Parenting Plan was entered in that the Father has refused to pay his share of the child's medical bills and has continued to make derogatory statements in front of the child concerning her mother, with same being stressful to the child.

> 9. That the Permanent Parenting Plan, which is attached hereto as Exhibit A, is hereby made Order of the Court and is adopted and incorporated herein by reference. This Court has reviewed the Parenting Time set out in the Parenting Plan and specifically finds that it is in the best interest of the child.

On appeal, Father contends that "[t]he trial court erred in modifying the parenting plan in that there was not a preponderance of the evidence to show that there had been a substantial and material change in circumstances that adversely affected the welfare of the child"; specifically, he argues that the modification was unwarranted because the court did not make a "finding that the minor child had been actually harmed" by Father's derogatory comments.

Father has failed to include a transcript or statement of the evidence in the appellate record.[2] Rule 24(b) of the Tennessee Rules of Appellate Procedure states that it is the duty of the appellant to prepare "a transcript of such part of the evidence or proceedings as is necessary to convey a fair, accurate and complete account of what transpired with respect to those issues that are the bases of appeal." Rule 24(c) allows that where a transcript is not available, "the appellant shall prepare a statement of the evidence" which "should convey a fair, accurate and complete account of what transpired with respect to those issues that are the bases of appeal." Where there is no transcript or statement, "there is a conclusive presumption that there was sufficient evidence before the trial court to support its judgment, and this Court must therefore affirm the judgment." *Coakley v. Daniels*, 840 S.W.2d 367, 370 (Tenn. Ct. App. 1992) (citing *McKinney v. Educator and Executive Insurers, Inc.*, 569 S.W.2d 829, 832 (Tenn. Ct. App. 1977).

A trial court's "determinations of whether a material change in circumstances has occurred and where the best interests of the child lie are factual questions." *In re T.C.D.*, 261 S.W.3d 734, 742 (Tenn. Ct. App. 2007). To the extent that resolution of the issues on appeal depend on factual determinations, the lack of a transcript or statement of the evidence is fatal to the party having the burden on appeal. *See Sherrod v. Wix*, 849 S.W.2d 780,783 (Tenn. Ct. App. 1992) ("[W]ithout an appellate record containing the facts, … [the court] must assume that the record, had it been preserved, would have contained sufficient evidence to support the trial court's factual findings."). In the absence of a transcript or statement of the evidence, Father is unable to demonstrate that the evidence preponderated against the trial court's finding, and we presume that testimony or other evidence was introduced that would have supported the finding that Father's comments warranted the modification of the parenting plan. "We will affirm the trial court's decision unless the evidence preponderates against the trial court's factual determinations or the trial court has committed an error of law affecting the outcome of the case." *Boyer v. Heimermann*, 238 S.W.3d 249, 254-55 (Tenn. Ct. App. 2007). None has been presented in the record before us.

---

[2] Exhibits from the hearing, held on March 21 and April 11, are included in the record.

**III.    CONCLUSION**

For the foregoing reasons, the judgment of the trial court is affirmed.

_____
RICHARD H. DINKINS, JUDGE