IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
March 3, 2026 Session

## RANDY ARNOLD V. KAMILAH SANDERS

**Appeal from the Juvenile Court for Davidson County**
**No. 2014-003737, 271324, 271385     Sheila Calloway, Judge**

_____

### No. M2024-01410-COA-R3-JV

_____

This appeal arises from a modification of a Permanent Parenting Plan ("PPP"), pursuant to which Randy Arnold, ("Father") replaced Kamilah Sanders, ("Mother"), as the primary residential parent of the parties' only child. Mother timely filed a Motion to Review the decision of the juvenile court magistrate pursuant to Tennessee Code Annotated § 37-1-107, which motion the juvenile court judge denied. This appeal followed. We affirm the ruling of the juvenile court and remand with instructions to set child support.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Juvenile Court Affirmed**
**and Remanded**

FRANK G. CLEMENT, JR., C.J., delivered the opinion of the court, in which ANDY D. BENNETT, JJ., and J. STEVEN STAFFORD, P.J., W.S., joined.

Lorraine Wade, Smyrna, Tennessee, for the appellant, Kamilah Sanders.

Randy Arnold, Hendersonville, Tennessee, Pro Se.

### MEMORANDUM OPINION[1]

This is a dispute over the modification of a PPP. The parties' child, ("Daughter"), was born in November of 2011. A parenting plan was entered by agreement in 2015, with

_____

[1] Tenn. Ct. App. R. 10 states:

This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION," shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

two remaining issues that were not addressed until a final order was entered on May 23, 2016.

Father filed a Petition to Change Custody and Set Visitation in July of 2022. Shortly thereafter, Mother filed a Petition to Change Custody, Set or Modify Child Support and Set or Modify Visitation. Later, she nonsuited all claims except for child support.

The case was assigned to Magistrate Julie L. Ottman who heard testimony from Mother and Father at a two-day hearing on May 28 and 30, 2024; however, no exhibits were allowed to be submitted by either party because neither party filed a Certificate of Readiness.[2]

In the order that followed, Magistrate Ottman evaluated whether there had been a material change of circumstances, considering 1) whether the change occurred after the entry of the Order; 2) whether a change was known or reasonably anticipated when the order was entered; and 3) whether the change affects the child's wellbeing in a meaningful way. Accordingly, in its final order, the trial court found that "Mother has experienced housing instability, which has resulted in numerous relocations throughout the city of Nashville . . . This instability has also seemingly affected the child's attendance, resulting in 59 tardies primarily during her Mother's parenting time." Having done so, she determined that there had been a material change of circumstances that affected Daughter in a meaningful way based on the following findings of fact:

> The Court finds that over the last few years the Mother has experienced housing instability, which has resulted in numerous relocations throughout the city of Nashville. In March 2022 the Mother allowed the child to remain with the Father until she returned on May 31, 2022. During this time the Mother was in both Washington D.C. as well as Charlotte, North Carolina. The Mother's housing instability has continued since she returned in 2022. This instability has also seemingly affected the child's attendance, resulting in 59 tardies primarily during her Mother's parenting time. These material changes were not anticipated when the Parenting Plan was developed and have affected the child's best interest in a meaningful way.

The magistrate then conducted a best interest analysis pursuant to Tennessee Code Annotated § 36-6-106. While the court found that the child had a strong relationship with both Mother and Father, she also held that "Father has taken greater responsibility regarding parental responsibilities," and credited Father with providing "gifts to Mother to provide stability for the child." The magistrate discredited Mother's testimony about her income.

---

[2] During the trial court proceedings, Father was represented by counsel, but Mother was pro se. Mother is represented by counsel in this appeal; Father is not.

The magistrate applied Tennessee Code Annotated § 36-6-106(a)(10), the importance of continuity in the child's life, and the length of time the child has lived in a stable, satisfactory environment. On this factor, the trial court found in favor of Father, who had resided at the same location since 2020. By contrast, the court listed eight different locations at which Mother had resided during the same time period, noting that eviction/detainer warrants had been served on two residences.

Based on these and other findings relative to the best interest factors, the magistrate named Father the Primary Residential Parent, awarded him 195 days and mother 170 days and granted Father sole decision-making authority over educational decisions. The parties were awarded joint decision-making authority over non-emergency health care, religious upbringing and extracurricular activities. The magistrate also terminated Father's child support obligation but failed to set child support for Mother. Instead, the order reads: "the Father may file for support against the Mother in a future pleading."

Mother timely filed a Motion to Review based on Tennessee Code Annotated § 37-1-107. Juvenile Court Judge Sheila D.J. Calloway denied the motion September 10, 2024, finding in her order that the magistrate's ruling was not an abuse of discretion, and that

> It is clear that both parties had an ample opportunity to present evidence and to argue their positions during the hearing. Although Mother was not represented by counsel, she was given the opportunity to present evidence and her testimony. Mother has no additional evidence to present and is just not in agreement with the Magistrate's decision.

This appeal followed; however, Mother did not file a transcript or statement of the evidence as mandated by Tennessee Rule of Appellate Procedure 24. Then, on December 3, this court entered an Administrative Order directing Mother to comply with Rule 24 or show cause why the appeal should not be dismissed for failure to comply. Thereafter, Mother filed three different proposed statements of evidence with the juvenile court, each of which was rejected by Judge Calloway for failure to "convey a fair, accurate or complete account" of what occurred during the trial. Judge Calloway's Third Order of Denial, issued May 14, 2025, found that despite Mother's latest modification, Mother's statement of evidence still did not comply with the Tennessee Rules of Appellate Procedure.

This Court then remanded the case to the juvenile court, noting that "[u]nder these circumstances, the trial court may need to prepare its own statement." In July of 2025, Judge Calloway approved a Statement of the Evidence (the "Statement of the Evidence") pursuant to Rule 24(c) of the Tennessee Rules of Appellate Procedure summarizing the hearings held May 28 and 30 of 2024. The Statement of the Evidence was filed with this court in August of 2025, and the appeal proceeded henceforth with oral arguments being heard on March 3, 2026.

**ISSUES**

Mother presents the following issues for review:

1. Whether the trial court abused its discretion when it failed to make written findings of fact required by Tennessee Rule of Civil Procedure 52.01 and Tennessee Code Annotated § 36-6-106(a), including a failure to cite any facts under at least one specific best-interest factor ("factor 2"), thereby requiring vacatur, reversal and/or remand for adequate findings under Rule 52.01?

2. Whether the Statement of the Evidence supports the court's finding of a material change in circumstances and best interest factors favoring Father?

3. Whether the court's failure to issue a child support order contemporaneous with a custody change rendered the order non-final and voidable?

4. Whether the trial court improperly awarded the Father sole decision-making in education in violation of Tennessee Code Annotated § 36-6-407(b) when it failed to enter any findings of fact as required by Tennessee Rules of Civil Procedure 52.01?

Father presents no additional issues.

**STANDARD OF REVIEW**

In non-jury cases, we must review the trial court's factual findings de novo upon the record, accompanied by a presumption of the correctness of the findings, unless the preponderance of the evidence is otherwise. We must also review the trial court's resolution of questions of law de novo, with no presumption of correctness. *Natasha C. v. Dustin C.*, No. W2024-00201-COA-R3-CV, 2025 WL 252807, at *2 (Tenn. Ct. App. Jan. 21, 2025) (quoting *Armbrister v. Armbrister*, 414 S.W.3d 685, 692 (Tenn. 2013)).

Appellate courts are to recognize the broad discretion of the trial court in child custody matters. *Parker v. Parker*, 986 S.W.2d 557, 564 (Tenn. 1999). Thus, the "trial court's decision regarding the details of a residential parenting schedule should not be reversed absent an abuse of discretion." *Armbrister*, 414 S.W.3d 685 at 693 (citing *Eldridge v. Eldridge*, 42 S.W.3d 82, 88 (Tenn.2001)). Yet even as "trial courts are afforded broad discretion in this area, 'they still must base their decisions on the proof and upon the appropriate application of the applicable principles of law.'" *Grissom v. Grissom*, 586 S.W.3d 387 (Tenn. Ct. App. 2019) (citing *Gaskill v. Gaskill*, 936 S.W.2d 626, 631 (Tenn. Ct. App. 1996)).

# ANALYSIS

## I. FAILURE TO SET CHILD SUPPORT

A party is entitled to an appeal as of right only after the trial court has entered a final judgment. Tenn. R. App. P. 3(a). Thus, a final judgment is one that resolves all of the parties' claims and leaves the court with nothing further to adjudicate. *Ball v. McDowell*, 288 S.W.3d 833, 836–37 (Tenn. 2009) (*See In re Estate of Henderson*, 121 S.W.3d 643, 645 (Tenn. 2003)). An order that "'adjudicate[s] fewer than all the claims or the rights and liabilities of fewer than all the parties' . . . [is] not immediately appealable as a final order under Tennessee Rule of Appellate Procedure 3." *Medders v. Newby*, No. M2019-00793-COA-R3-CV, 2020 WL 1972327, at *2 (Tenn. Ct. App. Apr. 24, 2020) (*See* Tenn. R. App. P. 3(a)).

When a parenting plan is first established, it is mandatory that trial court set child support. "A '[p]ermanent parenting plan' means a written plan for the parenting and best interests of the child, including the allocation of parenting responsibilities and the establishment of a residential schedule, as well as an award of child support consistent with chapter 5 of this title." *Armbrister*, 414 S.W.3d at 696 (citing Tenn. Code Ann. § 36-6-402(3)). *See also Jones v. Crum*, No. E2006-02420-COA-R3-CV, 2007 WL 1574282, at *5 (Tenn. Ct. App. May 31, 2007) ("Because the parties' mediated agreement, which included the Temporary Parenting Plan, failed to address the issue of child support in a manner consistent with the Child Support Guidelines and state law, we hold that the trial court did not err in refusing to approve it.").

Likewise, when a PPP is modified to change the primary residential parent, a child support order must be entered. "The modification of custody and significant change in the visitation schedule necessitate a modification of child support." *Joiner v. Griffith*, No. M2004-02601-COA-R3-CV, 2006 WL 2135441 at *5 (Tenn. Ct. App. July 31, 2006). *See also Solima v. Solima*, No. M2014-01452-COA-R3-CV, 2015 WL 4594134 at *7 (Tenn. Ct. App. July 30, 2015); *Leonardo v. Leonardo*, No. M2014-00372-COA-R3-CV, 2015 WL 3852802, at *8 (Tenn. Ct. App. June 18, 2015).

The Final Order by Magistrate Ottman states in pertinent part:

[T]he court finds and ACCORDINGLY ORDERS . . .

- That the Father's child support obligation is terminated effective as of the date of the entry of this Order.
- That the Mother's request for child support is denied as she did not know her income.

- 5 -

- That the Father may file for support against the Mother in a future pleading. If the Father does so and proof of income is not provided, the Court will use the 10% rule.

Because the "Final Order" adjudicated fewer than all the claims or the rights and liabilities of the parties, it is not immediately appealable as a final order under Tennessee Rule of Appellate Procedure 3. *See Medders v. Newby*, 2020 WL 1972327, at *2; *see also* Tenn. R. App. P. 3(a).

Nevertheless, Tennessee Rule of Appellate Procedure 2 allows this court to waive finality for good cause. *Williams v. Tennessee Farmers Life Reassurance Co.*, No. M2010-01689-COA-R3-CV, 2011 WL 1842893, at *4 (Tenn. Ct. App. May 12, 2011) (citing *Bayberry Assoc. v. Jones*, 783 S.W.2d 553, 559 (Tenn. 1990)). We do so here in the interest of judicial efficiency and proceed accordingly with the other issues in the case.

## II.    FINDINGS OF FACT AND THE STATEMENT OF THE EVIDENCE

Mother contends that the magistrate failed to make written findings of fact required by Tennessee Rule of Civil Procedure 52.01 and Tennessee Code Annotated § 36-6-106(a), "including a failure to cite any facts under at least one specific best-interest factor (factor 2), thereby requiring vacatur, reversal and/or remand for adequate findings under Rule 52.01." We find no merit to this contention because the magistrate made findings of fact regarding a material change of circumstances, as well as concerning all but five of the best interest factors. As for four of those factors, the magistrate expressly noted that these factors were not applicable. As for factor 2, the court simply sated "This factor favors the Father." While the court did not make specific findings of fact under the heading factor 2, its findings regarding other factors provide a sufficient basis for affirming the conclusion that factor 2 favors Father.

Mother also argues that the Statement of the Evidence approved by the juvenile court judge does not support all of the findings of fact in the magistrate's order. We note, however, that this is not the proper inquiry. Instead, we have held:

Where the issues raised go to the evidence, there must be a transcript. In the absence of a transcript of the evidence, there is a conclusive presumption that there was sufficient evidence before the trial court to support its judgment, and this Court must therefore affirm the judgment. *McKinney v. Educator and Executive Insurers, Inc.*, 569 S.W.2d 829, 832 (Tenn. App. 1977). This rule likewise applies where there is a statement of the evidence which is incomplete. The burden is upon the appellant to show that the evidence preponderates against the judgment of the trial court. *Capital City Bank v. Baker*, 59 Tenn. App. 477, 493, 442 S.W.2d 259, 266 (1969).

*Coakley v. Daniels*, 840 S.W.2d 367, 370 (Tenn. Ct. App. 1992). Thus, we must consider whether the evidence preponderates against the magistrate's findings and judgment.

Here, the Statement of the Evidence analyzed Mother and Father's direct testimony and cross examination, and they were the only witnesses. The testimony of Mother and Father, as well as the trial court's findings, covered the stability and instability of the parties' housing as well as Daughter's education, and specifically Daughter's school attendance and tardiness. While the magistrate included numerous findings throughout its Final Order, we acknowledge, as Mother contends, that the magistrate did not set forth specific findings under the topic of major educational decisions. Nevertheless, the magistrate made numerous findings that are directly related to this subject, and which support the magistrate's decisions. For example, the magistrate found:

> The Mother's housing instability has continued since she returned[3] in 2022. This instability has also seemingly affected the child's attendance, resulting in 59 tardies primarily during her Mother's parenting time. These material changes . . . have affected the child's best interest in a meaningful way.

> .   .   .

> Although the parties have equal parenting time the Father has taken greater responsibility regarding parental responsibilities, including ensuring the child was tutored for missing assignments.

> .   .   .

> The child's attendance is of concern to this Court. The child is often late to school while residing with her Mother, despite the Mother's residing in Davidson County and the Father transporting the child from Sumner County to Davidson County and ensuring that the child was on time for school.

Having considered these and other findings made by the magistrate, we have determined that the findings made by the magistrate satisfy the court's responsibilities under Tennessee Rule of Civil Procedure 52.01 generally as well as Tennessee Code Annotated § 36-6-407(b) concerning educational decisions.

As noted above, where there is a statement of the evidence that is incomplete, which is the case with most statements of the evidence, the burden is upon the appellant to show that the evidence preponderates against the judgment of the trial court. *See Capital City Bank v. Baker*, 442 S.W.2d at 266. Mother has failed to satisfy her burden of proof

---

[3] The trial court found that Mother had lived outside of Tennessee in Washington, D.C. and Charlotte, North Carolina from March 2022 until the end of May 2022.

concerning the issues she presents. Because the evidence does not preponderate against the magistrate's findings of fact and conclusions of law, we affirm the judgment of the juvenile court in all respects except for the child support issue.

## IN CONCLUSION

The judgment of the trial court is affirmed, and this matter is remanded with instructions for the trial court to set child support and for further proceedings consistent with this opinion. Costs of appeal assessed against the appellant, Kamilah Sanders.

_____
FRANK G. CLEMENT JR., C.J., M.S.