IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
JUNE 16, 2010 Session

## LISA P. GRAY v. ODELL WATKINS, JR.

**Direct Appeal from the Juvenile Court for Shelby County**
**No. U1099        George E. Blancett, Special Judge**

**No. W2009-00689-COA-R3-JV - Filed July 8, 2010**

The State of Tennessee filed a petition for child support on behalf of the child's mother. The respondent acknowledged his obligation to pay such support, and the juvenile court referee established his current and retroactive child support obligation. The respondent filed a request for rehearing before the juvenile court judge, which was dismissed for failure to prosecute. He appealed to this Court but failed to provide a transcript or statement of the evidence. Finding no error in the limited record before us, we affirm.

**Tenn. R. App. P. 3; Appeal as of Right; Judgment of the Juvenile Court Affirmed**

ALAN E. HIGHERS, P.J., W.S., delivered the opinion of the Court, in which DAVID R. FARMER, J., and J. STEVEN STAFFORD, J., joined.

Felicia Corbin Johnson, Laquita R. Stokes, Memphis, Tennessee, for the appellant, Odell Watkins

Robert E. Cooper, Jr., Attorney General and Reporter, Michael E. Moore, Solicitor General, Warren A. Jasper, Senior Counsel, Nashville, Tennessee, for the appellee, State of Tennessee, *ex rel.* Lisa P. Gray

# MEMORANDUM OPINION[1]

## I.  FACTS & PROCEDURAL HISTORY

The State of Tennessee, on behalf of Lisa Gray[2], filed a petition for child support in the juvenile court of Shelby County requesting that the court establish the child support obligation of Odell Watkins for a minor child, A.M.W., born March 18, 2004.  The petition alleged that the child was in the care or custody of Ms. Gray, who had made application for child support enforcement assistance pursuant to Title IV-D of the Social Security Act.

On March 7, 2008, a hearing was held before a juvenile court referee.  The referee's findings and recommendations state that upon hearing the witnesses and considering the evidence introduced, the referee made the following relevant findings:

1. That the defendant, Odell Watkins, Jr., acknowledges his obligation to support [A.M.W.], born March 18, 2004.
2. That defendant shall pay by income assignment $720.00 monthly to the Central Child Support Receipting Unit . . . toward the support of said child, beginning April 1, 2008. . . .
3. That retroactive child support is awarded in the amount of $20,947.00, calculated as of this date, retroactive to 48 months to be paid at the rate of $180.00 monthly.  Retroactive support was $36,346.00, but defendant is credited with paying $15,400.00 for the support of said child. . . .
4. That both parties shall provide medical insurance for said child, and that the petitioner shall be responsible for 50% and the defendant shall be responsible for 50% of said child's necessary medical expenses not covered by insurance.

---

[1]  Rule 10 of the Rules of the Court of Appeals of Tennessee states:

This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION", shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

[2]  We note that the petition is styled, "State of Tennessee ex rel. Lisa Pearl Adkins-Higgenbottom," although the documents filed on appeal list the mother's name as Lisa P. Gray or Lisa P. (Adkins) Gray. For clarity, we will refer to the mother as Ms. Gray.

The child support worksheets used to calculate Mr. Watkins' obligation were attached to the referee's findings and incorporated by reference.

On the same day of the hearing before the referee, Mr. Watkins filed a request for a rehearing before the juvenile court judge. At the hearing on the petition to rehear, Mr. Watkins' attorney requested and was granted a continuance. At the next hearing, the case was again continued "for the attorneys to obtain all required documentation pursuant to the current child support [g]uidelines[.]" Following a third hearing, the special judge dismissed Mr. Watkins' petition to rehear for failure to prosecute. The referee's findings and recommendations were thereby confirmed as the decree of the juvenile court. Mr. Watkins timely filed a notice of appeal.

## II. DISCUSSION

Mr. Watkins presents numerous issues on appeal. However, our ability to review the proceedings in the lower court is hampered by the absence of either a transcript or a statement of the evidence prepared in accordance with Tennessee Rule of Appellate Procedure 24(c). The appellant has a duty to prepare a record that conveys a fair, accurate, and complete account of what transpired in the trial court regarding the issues that form the basis of his or her appeal. *In re M.L.D.*, 182 S.W.3d 890, 894 (Tenn. Ct. App. 2005). "A recitation of facts and argument in an appellate brief does not constitute evidence and cannot be considered in lieu of a verbatim transcript or statement of the evidence and proceedings." *In re M.R.*, No. M2007-02532-COA-R3-JV, 2008 WL 2331030, at *3 (Tenn. Ct. App. W.S. June 3, 2008) (citing *State v. Draper*, 800 S.W.2d 489, 493 (Tenn. Crim. App. 1990)). We cannot simply assume that the facts recited are true. *In re Conservatorship of Chadwick*, No. E2006-02544-COA-R3-CV, 2008 WL 803133, at * 1 (Tenn. Ct. App. Mar. 27, 2008). "The law is clear that statements of fact made in or attached to pleadings, briefs, and oral arguments are not evidence and may not be considered by an appellate court unless they are properly made part of the record." *Threadgill v. Bd. of Prof'l Responsibility of Supreme Court*, 299 S.W.3d 792, 812 (Tenn. 2009).

"Absent the necessary relevant material in the record an appellate court cannot consider the merits of an issue." *State v. Ballard*, 855 S.W.2d 557, 561 (Tenn. 1993). "It is well settled that, in the absence of a transcript or statement of the evidence, there is a conclusive presumption that there was sufficient evidence before the trial court to support its judgment, and this Court must therefore affirm the judgment." *Outdoor Mgmt., LLC v. Thomas*, 249 S.W.3d 368, 377 (Tenn. Ct. App. 2007) (citing *McKinney v. Educator & Executive Insurers, Inc.*, 569 S.W.2d 829, 832 (Tenn. Ct. App. 1977)). We may only reverse the trial court's decision if we find, based on the "technical" record before us, that the trial court committed an error of law. *In re M.R.*, 2008 WL 2331030, at *3 (citing *In re*

*Conservatorship of Chadwick*, 2008 WL 803133, at *2).

On appeal, Mr. Watkins asks this Court to alter the parties' visitation arrangement and to permit the child to speak with the judge in private. There is absolutely nothing in the record before us that would allow us to review these issues. Although Mr. Watkins attached affidavits and photographs to his brief on appeal, we cannot take judicial notice of materials simply appended to or included within briefs that are not properly made part of the record on appeal. *Willis v. Tenn. Dep't of Corr.*, 113 S.W.3d 706, 713 n.6 (Tenn. 2003). Furthermore, it does not appear that these issues were raised in the trial court, and an issue not raised in the trial court is waived on appeal. *Waters v. Farr*, 291 S.W.3d 873, 918 (Tenn. 2009).

Next, Mr. Watkins asks this Court to reduce his child support obligation based on his and Ms. Gray's "actual income," and he claims that the trial court erred in "not properly crediting" him for the child support he pays for two other children, for "medical coverage costs," and for "the actual time the Child was in [his] care." However, there is nothing in the record to suggest that the financial information or calculations utilized by the trial court were inaccurate, and we must presume that the evidence supported the trial court's ruling. *Outdoor Mgmt., LLC*, 249 S.W.3d at 377. Mr. Watkins further contends that certain evidence submitted by Ms. Gray was fraudulent, and that evidence he offered was not considered. Again, however, the record simply does not support these assertions.

We note that Mr. Watkins was proceeding pro se on appeal, but he retained counsel after filing his initial brief. At oral argument, counsel for Mr. Watkins essentially asked this Court to accept as true Mr. Watkins' statements about what occurred at the hearings because there would be "no harm" in remanding the case to the trial court for another hearing. While we realize the "legal naivete" of a pro se litigant such as Mr. Watkins, "we must not allow him an unfair advantage because he represents himself." *Frazier v. Campbell*, No. W2006-00031-COA-R3-CV, 2006 WL 2506706, at *3 (Tenn. Ct. App. Aug. 31, 2006) (citing *Irvin v. City of Clarksville*, 767 S.W.2d 649, 651-52 (Tenn. Ct. App. 1989)). "Pro se litigants who invoke the complex and technical procedures of the courts assume a very heavy burden." *Irvin*, 767 S.W.2d at 652 (citing *Gray v. Stillman White Co.*, 522 A.2d 737, 741 (R.I. 1987)). They are entitled to fair and equal treatment, but they must follow the same substantive and procedural requirements as a represented party, and they may not shift the burden of litigating their case to the courts. *Whitaker v. Whirlpool Corp.*, 32 S.W.3d 222, 227 (Tenn. Ct. App. 2000). It is well settled that the recitation of facts and argument contained in appellate briefs and statements made by counsel during oral argument before this Court are not evidence, and neither can be considered in lieu of a verbatim transcript or statement of the evidence and proceedings. *See, e.g.*, *Gross v. McKenna*, No. E2005-02488-COA-R3-CV, 2007 WL 3171155, at *2 (Tenn. Ct. App. Oct. 30, 2007) *perm. app. denied* (Tenn. May 5, 2008).

### V. CONCLUSION

For the aforementioned reasons, we affirm the decision of the juvenile court. Costs of this appeal are taxed to the appellant, Odell Watkins, for which execution may issue if necessary.

_____
ALAN E. HIGHERS, P.J., W.S.