
# IN THE COURT OF APPEALS OF TENNESSEE
## AT JACKSON
### April 25, 2017 Session

## WINSTON KEITH KYLE v. JANICE GOMER KYLE

**Appeal from the Chancery Court for Gibson County**
**No. 21893      George R. Ellis, Chancellor**

———————————————————

### No. W2016-01699-COA-R3-CV

———————————————————

This is an appeal from a final decree of divorce. The trial court's final decree of divorce included a division of marital property but failed to adjudicate the issue of alimony. A subsequent order states that the parties "agreed that [Wife's] claim for alimony *in futuro* and rehabilitative alimony . . . are dismissed." The appellate record contains no transcript or statement of the evidence for our review as required by the Tennessee Rules of Appellant Procedure. Accordingly, we conclude that there was sufficient evidence to support the trial court's finding. Affirmed and remanded.

### Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court Affirmed and Remanded.

KENNY ARMSTRONG, J., delivered the opinion of the court, in which RICHARD H. DINKINS and ARNOLD B. GOLDIN, JJ., joined.

Janice Gomer Kyle, Tunica, Mississippi, *Pro Se*.

Howard Freeman Douglass, Lexington, Tennessee, for the appellee, Winston Keith Kyle.

### MEMORANDUM OPINION[1]

_____

[1] Rule 10 of the Rules of the Court of Appeals of Tennessee provides:

> This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION", shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

Tenn. Ct. App. R. 10

# OPINION

Appellant Janice Gomer Kyle ("Wife") and Appellee Winston Keith Kyle ("Husband") were married in November 2009. No children were born of the marriage. On November 12, 2015, Husband filed a complaint for divorce against Wife alleging inappropriate marital conduct and irreconcilable differences. On January 5, 2016, Wife filed an answer and counter-complaint for divorce, wherein she also alleged inappropriate marital conduct and irreconcilable differences. In her counter-complaint, Wife averred that she was disabled and asked the court to award her alimony *in futuro*, *pendente lite* support, and rehabilitative alimony. The trial court held a hearing and entered a final decree of divorce on July 15, 2016, granting the parties a divorce by stipulation. Husband was awarded the marital home and debt thereon. Wife was awarded $15,000 from Husband's 401(k), and the court made a specific division of certain property. However, there was nothing in the final decree of divorce adjudicating Wife's request for alimony *in futuro* or rehabilitative alimony. Consequently, this Court entered an order on October 6, 2016, giving Wife ten days to obtain entry of a final judgment. On October 17, 2016, the trial court entered an order stating that the final decree of divorce reflected the parties' agreement on all issues pending before the court. The order further states that it was "agreed that [Wife's] claim for alimony *in futuro* and rehabilitative alimony . . . are dismissed." Wife filed a timely notice of appeal. Wife lists several issues for review in her brief, which we restate as follows:

1. Whether Ms. Kyle should be awarded damages because her attorney misrepresented her?

2. Whether the trial court abused its discretion in failing to award alimony *in futuro* or rehabilitative alimony to the Wife as the disadvantaged spouse?

3. Whether the trial court erred in failing to consider Ms. Kyle's contributions to the marriage including improvements made to the marital residence and contributions as a homemaker?

4. Whether the trial court erred in failing to consider Wife's disability?

To the extent that our consideration of these issues involves the trial court's factual findings, our review is *de novo* upon the record, accompanied by a presumption of the correctness of the trial court's findings of fact, unless the evidence preponderates otherwise. Tenn. R. App. P. 13(d); ***Bogan v. Bogan*** 60 S.W.3d 721, 727 (Tenn. 2001). The trial court's conclusions of law are subject to a *de novo* review with no presumption of correctness. ***Gonsewski v. Gonsewski***, 350 S.W.3d 99, 105-106 (Tenn.2011); ***S.***

*Constructors, Inc. v. Loudon County Bd. of Educ.* 58 S.W.3d 706, 710 (Tenn. 2001).

A trial court's decision regarding spousal support is factually driven and involves the careful balancing of many factors. *Kinard v. Kinard,* 986 S.W.2d 220, 235 (Tenn. Ct. App. 1998); *see also* **Robertson v. Robertson**, 76 S.W.3d 337, 340-41 (Tenn. 2002); **Burlew v. Burlew**, 40 S.W.3d 465, 470 (Tenn. 2001). There are numerous statutory factors to be considered when deciding the type, duration, and amount of alimony to be awarded. *See* Tenn. Code Ann § 36-5-121(i) (factors to consider when "determining whether the granting of an order for payment of support and maintenance to a party is appropriate ..."). As to an initial award of spousal support, this Court will allow the trial court "broad discretion to determine whether spousal support is needed and, if so, the nature, amount, and duration of the award." *Gonsewski v. Gonsewski,* 350 S.W.3d 99, 105 (Tenn. 2011). Absent an abuse of discretion, the appellate court is generally disinclined to second-guess the trial judge's decision on spousal support. *Id.* (citing *Kinard v. Kinard,* 986 S.W.2d 220, 234 (Tenn. Ct. App. 1998)). Abuse of discretion is found only when the trial court applies an incorrect legal standard, reaches an illogical conclusion, bases its decision on a clearly erroneous assessment of the evidence, or employs reasoning that caused an injustice to the complaining party. *Discover Bank v. Morgan,* 363 S.W.3d 479, 487 (Tenn. 2012) (citing *State v. Jordan,* 325 S.W.3d 1, 39 (Tenn. 2010)). Under the abuse of discretion standard, a trial court's ruling "will be upheld so long as reasonable minds can disagree as to the propriety of the decision made" or "as long as it falls within a range of acceptable alternatives," it does not permit the appellate court to substitute its judgment for that of the trial court. *Discover Bank,* 363 S.W.3d at 487; *Eldridge v. Eldridge,* 42 S.W.3d 82, 85 (Tenn. 2001); *Salvucci v. Salvucci*, No. W2013-01967-COA-R3-CV, 2014 WL 4201441, at *7 (Tenn. Ct. App. Aug. 26, 2014).

The Tennessee Rules of Appellate Procedure place the responsibility for the preparation of the transcript or a statement of evidence on the parties, and the appellant has the primary burden to see that a proper record is prepared and filed in this Court. Tenn. R. App. P. 24; *McDonald v. Onoh,* 772 S.W.2d 913, 914 (Tenn. Ct. App. 1989). If no transcript is available, Tennessee Rule of Appellate Procedure 24 provides:

> If no stenographic report, substantially verbatim recital or transcript of the evidence or proceedings is available ... the appellant shall prepare a statement of the evidence or proceedings from the best available means, including the appellant's recollection. The statement should convey a fair, accurate and complete account of what transpired with respect to those issues that are the bases of appeal.

Tenn. R. App. P. 24(c). Here, the appellate record contains neither a transcript of the hearing nor a statement of the evidence pursuant to Tennessee Rule of Appellate Procedure 24(c). Accordingly, in the absence of any record of the relevant proceedings,

this Court cannot make a meaningful review of the issues which rest on the trial court's factual determinations. In other words, we cannot decide factually-based issues without the relevant facts that were presented to the trial court.

While we are cognizant that Ms. Kyle is proceeding *pro se,* it is well-settled that "*pro se* litigants are held to the same procedural and substantive standards to which lawyers must adhere." ***Brown v. Christian Bros. University***, No. W2012-01336-COA-R3-CV, 2013 WL 3982137, at *3 (Tenn. Ct. App. Aug. 5, 2013), *perm. app. denied* (Tenn. Jan. 15, 2014). While a party who chooses to represent himself or herself is entitled to the fair and equal treatment of the courts, ***Hodges v. Tenn. Att'y Gen.,*** 43 S.W.3d 918, 920 (Tenn. Ct. App. 2000), "[p]*ro se* litigants are not ... entitled to shift the burden of litigating their case to the courts." ***Whitaker v. Whirlpool Corp.,*** 32 S.W.3d 222, 227 (Tenn. Ct. App. 2000). The burden is on the Appellant to show that the evidence preponderates against the judgment of the trial court. ***Coakley v. Daniels***, 840 S.W.2d 367, 370 (Tenn. Ct. App. 1992) (citing ***Capital City Bank v. Baker***, 442 S.W.2d 259, 266 (Tenn. Ct. App. 1969)). "The burden is likewise on the appellant to provide the court with a transcript of the evidence or a statement of the evidence from which this court can determine if the evidence does preponderate for or against the findings of the trial court." ***Id.***

As an appellate court, "[w]e evaluate, under prescribed standards of review, what other tribunals or fact finders have done to determine if there are reversible errors in their rulings. We are prevented from doing so unless the totality of the evidence that led to those factually-driven determinations is laid before us." ***Robbins v. Money***, No. 03A01-9703-CV-00072, 1997 WL 406653, at *3 (Tenn. Ct. App. July 22, 1997). This Court's review is limited to the appellate record, and it is incumbent upon the appellant to provide a record that is adequate. ***Chiozza v. Chiozza,*** 315 S.W.3d 482, 489 (Tenn. Ct. App. 2009)(internal citations omitted).

Where the issues on appeal turn on factual determinations, the absence of a transcript or statement of the evidence is essentially fatal to the party having the burden on appeal. *See* ***Sherrod v. Wix***, 849 S.W.2d 780, 783 (Tenn. Ct. App. 1992) (holding that without an appellate record containing the facts, the court must assume that the record, had it been preserved, would have contained sufficient evidence to support the trial court's factual findings); ***Baugh v. Moore***, No. M2013-02224-COA-R3-CV, 2015 WL 832589, at *3 (Tenn. Ct. App. Feb. 25, 2015). Without a transcript or statement of the evidence, we have no way to determine whether the evidence was sufficient to support the trial court's findings of fact and its conclusions of law based on those facts. "In the absence of a transcript of the evidence, there is a conclusive presumption that there was sufficient evidence before the trial court to support its judgment, and this Court must therefore affirm the judgment." ***Coakley***, 840 S.W.2d at 370 (citing ***McKinney v. Educator and Executive Insurers, Inc.***, 569 S.W.2d 829, 832 (Tenn. App. 1977)); see also ***Sherrod***, 849 S.W.2d at 783; ***Baugh*** 2015 WL 832589, at *3-4. In as much as the

issues presented for review by Wife in this appeal are factually driven, our ability to address these issues "is severely hampered if not eliminated by the absence of transcripts of the hearing or the trial, or any statement of the evidence prepared in accordance with Tenn. R. App. P. 24(c)." *Rowe v. Rowe*, No. E2005-01023-COA-R3-CV, 2007 WL 541813, at *5 (Tenn. Ct. App. Feb. 22, 2007). Unfortunately, we cannot reach the substantive issues presented due to this procedural shortfall.

For the foregoing reasons, we affirm the judgment of the trial court. The case is remanded for such further proceedings as may be necessary and are consistent with this opinion. Costs of the appeal are assessed against the Appellant, Janice Gomer Kyle and her surety, for all of which execution may issue if necessary.

_____
KENNY ARMSTRONG, JUDGE