IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs December 3, 2018

## ANDREW GALLOWAY v. NASHID MADYUN

**Appeal from the Circuit Court for Shelby County**
**No. CT-005345-12   Mary L. Wagner, Judge**

_____

## No. W2017-01438-COA-R3-CV

_____

This is a breach of contract case.  The trial court entered judgment against Appellant for breach of contract, and Appellant appeals.  Because there is no transcript or statement of the evidence, we cannot review the trial court's holdings.  Affirmed and remanded.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court**
**Affirmed and Remanded**

KENNY ARMSTRONG, J., delivered the opinion of the court, in which D. MICHAEL SWINEY, C.J., and W. NEAL MCBRAYER, J., joined.

Nashid Madyun, Tallahassee, Florida, appellant, pro se.

Terrell Lee Tooten, Cordova, Tennessee, for the appellee, Andrew Galloway.[1]

## MEMORANDUM OPINION[2]

On December 20, 2012, Appellee Andrew Galloway filed a complaint against Appellant Nashid Madyun, Lawrence Davis, and Mid-South Planning & Management.[3]

---

[1] Appellee did not file a responsive brief.

[2] Rule 10 of the Court of Appeals of Tennessee provides:

This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION", shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

[3] As evidenced by order of June 20, 2017, Mr. Galloway voluntarily dismissed Lawrence Davis and Mid-South Planning & Management from the lawsuit.  They are not parties to this appeal.

The complaint alleges, in relevant part:

> 4. That on or about September 28, 2010 the Plaintiff and Defendants entered into a contractual agreement for services.
> 5. Defendants agreed to operate as subcontractors for the City of Bartlett's Davies Project with a final completion date of May 21, 2010.
> 6. Solely as a result of the complete failure of the Defendants [] to perform, Plaintiff was forced to contract with a second subcontractor in order to fulfill his contractual obligations to the City of Bartlett, TN.

The "contractual agreement" referenced in the complaint is not in the appellate record.

After the trial court denied several preliminary motions, on October 25, 2015, Mr. Madyun filed an answer to the complaint. Therein, he denied that he was a party to the contract, argued that the damages sought far exceeded the amount of the contract, and maintained that the contract was partially performed.

After several continuances, the case was heard on June 19, 2017. There is no transcript of this hearing in the record. On June 20, 2017, the trial court entered an order, wherein it held, in pertinent part:

> 2. That Plaintiff and Defendant entered into a contract with each other, where Defendant was to pave a parking lot for the City of Bartlett, on Plaintiff's behalf.
> 3. That Defendant was given $23,000 by Plaintiff, to pay vendors, as required to complete the contract.
> 4. That Defendant received the money, but did not pay the vendors.
> 5. That Plaintiff then paid the vendors from his own money.
> 6. That Defendant breached his contract with Plaintiff.
>
> It is therefore Ordered, Adjudged, and Decreed:
>
> 1. That Defendant breached the contract entered with Plaintiff, and judgment is entered for Plaintiff in the amount of $23,000 (twenty three thousand dollars and zero cents).

Mr. Madyun appeals. The sole issue for review is whether the trial court erred in entering judgment in favor of Appellee for Appellant's breach of contract.

Before turning to the issue, we first note that while we are cognizant of the fact that Appellant is representing himself in this appeal, it is well-settled that "pro se litigants are held to the same procedural and substantive standards to which lawyers must adhere." ***Brown v. Christian Bros. Univ.***, No. W2012-01336-COA-R3-CV, 2013 WL 3982137, at

*3 (Tenn. Ct. App. Aug. 5, 2013), *perm. app. denied* (Tenn. Jan. 15, 2014). This Court has held that "[p]arties who choose to represent themselves are entitled to fair and equal treatment by the courts." ***Hodges v. Tenn. Att'y Gen.***, 43 S.W.3d 918, 920 (Tenn. Ct. App. 2000); ***Paehler v. Union Planters Nat'l Bank, Inc.***, 971 S.W.2d 393, 396 (Tenn. Ct. App. 1997). Nevertheless, "courts must not excuse pro se litigants from complying with the same substantive and procedural rules that represented parties are expected to observe." ***Young v. Barrow***, 130 S.W.3d 59, 62-63 (Tenn. Ct. App. 2003); ***Edmundson v. Pratt***, 945 S.W.2d 754, 755 (Tenn. Ct. App. 1996); ***Kaylor v. Bradley***, 912 S.W.2d 728, 733 n.4 (Tenn. Ct. App. 1995).

Turning to the standard of review, because this case was tried by the court sitting without a jury, we review the trial court's findings of fact *de novo* with a presumption of correctness, unless the evidence preponderates against those findings. ***McGarity v. Jerrolds***, 429 S.W.3d 562, 566 (Tenn. Ct. App. 2013); ***Wood v. Starko***, 197 S.W.3d 255, 257 (Tenn. Ct. App. 2006). For the evidence to preponderate against a trial court's finding of fact, the weight of the evidence must "demonstrate . . . that a finding of fact other than the one found by the trial court is more probably true." ***Williams v. City of Burns***, 465 S.W.3d 96, 108 (Tenn. 2015); ***The Realty Shop, Inc. v. R.R. Westminster Holding, Inc.***, 7 S.W.3d 581, 596 (Tenn. Ct. App. 1999). This Court conducts a *de novo* review of the trial court's resolution of questions of law, with no presumption of correctness. ***Kelly v. Kelly***, 445 S.W.3d 685, 691-92 (Tenn. 2014); ***Armbrister v. Armbrister***, 414 S.W.3d 685, 692 (Tenn. 2013).

After Mr. Madyun filed his appeal, on October 23, 2017, this Court entered an order, stating, in relevant part, that

> Tenn. R. App. P. 24(b), (c) or (d). Tenn. R. App. P. 24 (b) and (c) require an appellant to file a transcript or statement of the evidence within sixty (60) days after the notice of appeal is filed. If no transcript or statement of the evidence is to be filed, the appellant must file a notice that neither will be filed pursuant to Tenn. R. App. P. 24(d).

The Tennessee Rules of Appellate Procedure place the responsibility for the preparation of the transcript or a statement of evidence on the parties, and the appellant has the primary burden to see that a proper record is prepared and filed in this Court. Tenn. R. App. P. 24; ***McDonald v. Onoh***, 772 S.W.2d 913, 914 (Tenn. Ct. App. 1989). If no transcript is available, Tennessee Rule of Appellate Procedure 24 provides:

> (c) **Statement of the Evidence When No Report, Recital, or Transcript Is Available**. If no stenographic report, substantially verbatim recital or transcript of the evidence or proceedings is available . . . and a statement of the evidence or proceedings is a reasonable alternative to a stenographic report, the appellant shall prepare a statement of the evidence or

proceedings from the best available means, including the appellant's recollection. The statement should convey a fair, accurate and complete account of what transpired with respect to those issues that are the bases of appeal. The statement, certified by the appellant or the appellant's counsel as an accurate account of the proceedings, shall be filed with the clerk of the trial court within 60 days after filing the notice of appeal. Upon filing the statement, the appellant shall simultaneously serve notice of the filing on the appellee, accompanied by a short and plain declaration of the issues the appellant intends to present on appeal. Proof of service shall be filed with the clerk of the trial court with the filing of the statement. If the appellee has objections to the statement as filed, the appellee shall file objections thereto with the clerk of the trial court within fifteen days after service of the declaration and notice of the filing of the statement. Any differences regarding the statement shall be settled as set forth in subdivision (e) of this rule.

In response to our order, on October 31, 2017, Mr. Madyun filed, in the trial court, what purports to be a Tennessee Rule of Civil Procedure 24(c) "Statement of Evidence." The document reads, in its entirety:

Shelby County Circuit Court
CT-005345-12
W2017-01438-COA-R3-CV

The Following statements outline reasons the appeal should not be dismissed.

**Note: There was no court reporter: transcript unavailable.**

A. Misuse of Evidence

1. This Contract was between Mid-South Planning and Management, LLC, for which the President of the Company was Lawrence Davis. Nashid Madyun was an employee of the company. The judgement was dismissed against the company and the President of that company for failure to prosecute. As a result the judgement is overbroad and inequitable.
2. The amount of the judgment was 23k and far exceeds the amount stolen by the President of the company, 8k. There was no evidence gathered to properly show that more than 8k was mis-used. The entire contract was 36k. The plaintiff is therefore being unjustly rewarded, as he still able to draw the balance of funds from the City of Bartlett for work yet to be completed. As such the loan taken to complete the project and the funds left would have left a deficit of only 8k.

- 4 -

3. There was no evidence to show that Lawrence Davis nor the contracted company should be excluded, and the veil of the LLC be pierced to exclude said parties. The LLC was served via Phillips County Sheriff in 2013.
4. Mr. Galloway has shared on several occasions, with original lawyer that I am not at fault but being pursued because I am the only one that responded.
5. This was an employment opportunity for Nashid Madyun. Mr. Davis and the LLC remain in the industry working under various names. He is currently working as a sole proprietor under Davis Construction to avoid lawsuits.

B. Unethical Behavior by Plaintiff's Lawyer (Inez B. Warner)

1. The Attorney, Inez B. Warner did not properly serve the Defendant, Nashid Madyun. The attorney called me (Nashid Madyun) by phone and communicated that both she and the plaintiff were aware that I was not at fault but they were unable to properly serve Mr. Davis in 2013, only the LLC and the statute of limitations was drawing near. I was given directions on how to review the case online and respond. If I were to submit a response showing my support of their case against Mr. Davis, the case against me would be dropped and we would be a party against Mr. Davis for the 8k. I supported via answer in 2015, and the request was reneged upon. I then had to retain an attorney.
2. Though I was never officially served, I supported attorney Warner, though after my response was filed, the attorney was no longer reachable.

I, Nashid Madyun, assure that the above points are true and stands as reasons that the appeal should not be dismissed.

(Emphasis in original). The document is initialed by Mr. Madyun and dated; however, there is no indication that the purported statement of the evidence was served on Appellee as required under Tennessee Rule of Appellate Procedure 24(c), *supra*. However, even if we assume that the document was properly served on Appellee, it does not "convey a fair, accurate and complete account of what transpired with respect to those issues that are the bases of appeal." Rather, as set out in context above, the document outlines Mr. Madyun's appellate arguments and legal conclusions, but it does not set out the actual evidence adduced at the hearing before the trial court. From the document, we cannot determine what transpired at trial so as to review the trial court's ultimate holdings. Our ability to review the trial court's holdings is further stymied by the fact that the contract, on which the entire action is based, is not contained in our appellate record.

In the absence of any record of the relevant proceedings, this Court cannot make a meaningful review of the issue. The burden is on the Appellant to show that the evidence

preponderates against the judgment of the trial court. *Coakley v. Daniels*, 840 S.W.2d 367, 370 (Tenn. Ct. App. 1992) (citing *Capital City Bank v. Baker*, 442 S.W.2d 259, 266 (Tenn. Ct. App. 1969)). "The burden is likewise on the appellant to provide the court with a transcript of the evidence or a statement of the evidence from which this court can determine if the evidence does preponderate for or against the findings of the trial court." *Id.* In other words, we cannot decide factually-based issues without the relevant facts that were presented to the trial court. As an appellate court, "[w]e evaluate, under prescribed standards of review, what other tribunals or fact finders have done to determine if there are reversible errors in their rulings. We are prevented from doing so unless the totality of the evidence that led to those factually-driven determinations is laid before us." *Robbins v. Money*, No. 03A01-9703-CV-00072, 1997 WL 406653, at *3 (Tenn. Ct. App. July 22, 1997). This Court's review is limited to the appellate record, and it is incumbent upon the appellant to provide a record that is adequate*. Chiozza v. Chiozza*, 315 S.W.3d 482, 489 (Tenn. Ct. App. 2009) (internal citations omitted). "In the absence of a transcript of the evidence, there is a conclusive presumption that there was sufficient evidence before the trial court to support its judgment, and this Court must therefore affirm the judgment." *Coakley*, 840 S.W.2d at 370 (citing *McKinney v. Educator and Executive Insurers, Inc.*, 569 S.W.2d 829, 832 (Tenn. Ct. App.1977)).

For the foregoing reasons, we affirm the trial court's order. The case is remanded to the trial court for such further proceedings as may be necessary and are consistent with this opinion. Costs of the appeal are assessed to the Appellant, Nashid Madyun. Because Mr. Madyun is proceeding *in forma pauperis* in this appeal, execution for costs may issue if necessary.

_____
KENNY ARMSTRONG, JUDGE