IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs April 1, 2019

**JERRY R. CLARK v. JAMES M. OWENS ET AL.**

**Appeal from the Circuit Court for Sequatchie County**
No. 17-CV-82      Justin C. Angel, Judge
_____

**No. M2018-01418-COA-R3-CV**
_____

This is an easement case. Appellant, the dominant land owner, appeals the trial court's order fixing the width of the easement at 15 feet and limiting the use of the easement to residential and emergency ingress, egress, and utilities. The appellate record contains no transcript or statement of the evidence for our review as required by the Tennessee Rules of Appellate Procedure. Accordingly, we conclude that there was sufficient evidence to support the trial court's findings. Affirmed and remanded.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed and Remanded.**

KENNY ARMSTRONG, J., delivered the opinion of the court, in which THOMAS R. FRIERSON and W. NEAL MCBRAYER, JJ., joined.

Jerry R. Clark, Dunlap, Tennessee, appellant, *Pro se*.

Everett Layne Hixson, Jr. and Everett Layne Hixson, III, Chattanooga, Tennessee, for the appellees, James M. Owens, and Teresa M. Owens.

**OPINION**

Appellant Jerry R. Clark owns the dominant tract of land adjacent to the servient tract of land owned by James M. Owens and Teresa M. Owens, (together, "Appellees"). On April 26, 2017, Appellees filed a verified complaint, in which they sought, inter alia, a declaratory judgment regarding Appellant's use of the easement across their property. Concurrent with their complaint, Appellees filed a motion for a temporary restraining order and temporary injunction regarding Appellant's use of the easement. The trial court entered a temporary restraining order prohibiting Appellant from: (1) interfering

with Appellees' construction of a fence along the existing border of the easement; (2) driving and trespassing outside the border of the easement onto Appellees' property; and (3) discharging firearms in their direction.

On May 18, 2017, Appellant answered the complaint and asserted a counter-complaint. In his answer, Appellant averred that the easement is unrestricted and denied allegations that he and his family abused the easement in any way. In his counter-complaint, Appellant alleged that Appellees interfered with his right-of-way and use of the easement. He requested, inter alia, that the trial court restore the easement to 15 feet, preserving his "right-of-way and peaceful use for unrestricted ingress, egress and utilities."

On September 11, 2017, Appellant filed a motion for contempt alleging that Appellees were in violation of the temporary restraining order. On October 23, 2017, Appellees moved to amend their complaint to add additional facts and to assert a claim for unjust enrichment. Appellant opposed the motion and moved to dismiss the complaint. The trial court granted Appellees' motion to amend by order entered on December 30, 2017 but deferred ruling on Appellant's motion for contempt until trial. On February 22, 2018, the trial court conducted a hearing and entered an order for easement on March 16, 2018. Before the entry of that order, Appellees filed a motion to reopen the proof and to alter or amend the trial court's ruling. Appellant also moved to alter or amend the order for easement. The trial court granted the motions of both parties by order entered May 11, 2018.

The final trial was held on June 21, 2018, and the trial court entered a subsequent order on July 19, 2018. The trial court fixed the width of the easement at 15 feet and limited the use of the easement to residential and emergency ingress, egress, and utilities. The trial court also held that: (1) Appellant was responsible for maintaining part of the easement; (2) the parties were jointly responsible for maintaining another portion of the easement; (3) the parties were to avoid contact with each other; and (4) the parties were not to trespass on each other's property. The trial court dismissed all remaining claims. Appellant appeals. Although Appellant lists several issues for review in his brief, we do not reach the substantive issues due to procedural shortcomings in the appellate record.

Rule 24 of the Tennessee Rules of Appellate Procedure outlines the requirements concerning both content and preparation of the appellate record, to wit:

> (a)     The record on appeal **_shall_** consist of: (1) copies, certified by the clerk of the trial court, of all papers filed in the trial court except as hereafter provided; (2) the original of any exhibits filed in the trial court; (3) the transcript or statement of the evidence or proceedings, which shall clearly indicate and identify any exhibits offered in evidence and whether received or rejected….

* * *

(b)    …the appellant shall have prepared a transcript of such part of the evidence or proceedings as is necessary to convey a fair, accurate and complete account of what transpired with respect to those issues on appeal.

(Emphasis added). If no transcript is available, Tennessee Rule of Appellate Procedure 24 provides that "the appellant **_shall_** prepare a statement of the evidence or proceedings from the best available means, including the appellant's recollection. The statement should convey a fair, accurate and complete account of what transpired with respect to those issues that are the bases of appeal." Tenn. R. App. P. 24(c) (emphasis added). The responsibility for the preparation of the transcript or a statement of evidence is on the parties, and the appellant has the primary burden to ensure that a proper record is prepared and filed in this Court. Tenn. R. App. P. 24; **_McDonald v. Onoh_**, 772 S.W.2d 913, 914 (Tenn. Ct. App. 1989).

While we are cognizant that Mr. Clark is proceeding _pro se,_ it is well-settled that "_pro se_ litigants are held to the same procedural and substantive standards to which lawyers must adhere." **_Brown v. Christian Bros. University_**, No. W2012-01336-COA-R3-CV, 2013 WL 3982137, at *3 (Tenn. Ct. App. Aug. 5, 2013), _perm. app. denied_ (Tenn. Jan. 15, 2014). While a party who chooses to represent himself or herself is entitled to the fair and equal treatment of the courts, **_Hodges v. Tenn. Att'y Gen._**, 43 S.W.3d 918, 920 (Tenn. Ct. App. 2000), "[p]ro se litigants are not ... entitled to shift the burden of litigating their case to the courts." **_Whitaker v. Whirlpool Corp._**, 32 S.W.3d 222, 227 (Tenn. Ct. App. 2000). The burden is on the Appellant to show that the evidence preponderates against the judgment of the trial court. **_Coakley v. Daniels_**, 840 S.W.2d 367, 370 (Tenn. Ct. App. 1992) (citing **_Capital City Bank v. Baker_**, 442 S.W.2d 259, 266 (Tenn. Ct. App. 1969)). "The burden is likewise on the appellant to provide the court with a transcript of the evidence or a statement of the evidence from which this court can determine if the evidence does preponderate for or against the findings of the trial court." **_Id_**.

In this case, the appellate record contains neither a transcript of the hearing nor a statement of the evidence pursuant to Tennessee Rule of Appellate Procedure 24(c). The resolution of issues presented rests largely on the relevant facts. In the absence of any record of the proceedings, this Court cannot make a meaningful review of the issues. This Court has cautioned that where the issues on appeal turn on factual determinations, the absence of a transcript or statement of the evidence is essentially fatal to the party having the burden on appeal. It is well settled that, in the absence of a transcript or statement of the evidence, this Court must presume that there was sufficient evidence before the trial court to support its judgment. **_PNC Multifamily Capital Inst. Fund XXVI Ltd. P'ship v. Mabry_**, 402 S.W.3d 654, 661 (Tenn. Ct. App. 2012), _perm. app. denied_ (Tenn. Apr. 10, 2013); **_Outdoor Management LLC v. Thomas_**, 249 S.W.3d 368,

- 3 -

377 (Tenn. Ct. App. 2007); and *Coakley*, 840 S.W.2d at 370 (citing *McKinney v. Educator and Executive Insurers, Inc.,* 569 S.W.2d 829, 832 (Tenn. Ct. App. 1977)); *Sherrod v. Wix*, 849 S.W.2d 780, 783 (Tenn. Ct. App. 1992); *Baugh v. Moore*, No. M2013-02224-COA-R3-CV, 2015 WL 832589, at *3 (Tenn. Ct. App. Feb. 25, 2015). Without a transcript or statement of the evidence, we have no way to determine whether the evidence was sufficient to support the trial court's findings of fact and its conclusions of law based on those facts. In other words, our ability to address the issues presented by Appellant in this appeal "is severely hampered if not eliminated by the absence of transcripts of the hearing or the trial, or any statement of the evidence prepared in accordance with Tenn. R. App. P. 24(c)." *Rowe v. Rowe*, No. E2005-01023-COA-R3-CV, 2007 WL 541813, at *5 (Tenn. Ct. App. Feb. 22, 2007). Because there is no transcript or Rule 24 statement of the evidence, the facts found by the trial court are conclusive on appeal, and we conclude that there is sufficient evidence in the record to support those findings.

## Attorneys' Fees

Appellees request their attorneys' fees and costs on appeal. Tennessee Code Annotated section 27-1-122 states that:

> When it appears to any reviewing court that the appeal from any court of record was frivolous or taken solely for delay, the court may, either upon motion of a party or of its own motion, award just damages against the appellant, which may include but need not be limited to, costs, interest on the judgment, and expenses incurred by the appellee as a result of the appeal.

Tenn. Code Ann. § 27-1-122. "A frivolous appeal is one that is 'devoid of merit,' or one in which there is little prospect that [an appeal] can ever succeed." *Morton v. Morton*, 182 S.W.3d 821, 838 (Tenn. Ct. App. 2005) (quoting *Industrial Dev. Bd. of the City of Tullahoma v. Hancock,* 901 S.W.2d 382, 385 (Tenn. Ct. App. 1995)). Because Appellant failed to provide this Court with a record that would allow us to review the trial court's findings, we conclude that this appeal had no prospect of succeeding. Therefore, the appeal is frivolous, and we award Appellees their attorney fees on appeal. The case is remanded to the trial court for a determination of the appropriate amount of Appellees' attorney fees and entry of judgment thereon.

For the foregoing reasons, we affirm the judgment of the trial court. The case is remanded for such further proceedings as may be necessary and are consistent with this opinion, including but not limited to calculation of Appellees' appellate attorneys' fees

and entry of judgment thereon. Costs of the appeal are assessed against the Appellant, Jerry R. Clark, for all of which execution may issue if necessary.

 

 

 

 

_____

KENNY ARMSTRONG, JUDGE